IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-467-BO

| | | |
|---|---|---|
| JUSTIN WHITE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VANCE COUNTY, NORTH CAROLINA; | ) | |
| VANCY COUNTY SHERIFF'S OFFICE; | ) | |
| PETER WHITE, in his official and | ) | |
| individual capacities; LAWRENCE D. | ) | |
| BULLOCK, in his official and individual | ) | |
| capacities; WELDON WALLACE | ) | |
| BULLOCK, in his official and individual | ) | |
| capacities, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on motions to dismiss filed by defendants Vance County Sheriff's Office and Vance County, North Carolina. Plaintiff has responded in opposition to both motions, the moving defendants have replied, and the matters are ripe for ruling. For the reasons that follow, the motions are granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in this Court on October 23, 2019. [DE 1]. In his complaint, plaintiff alleges that while serving as a deputy sheriff in Vance County he suffered disparate treatment, a hostile work environment, and retaliatory discharge in violation of 42 U.S.C. §§ 1981 and 1983; the Government Employees Rights Act of 1991, 42 U.S.C. §§ 2000e-16a *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and North Carolina state law.

## DISCUSSION

The motions to dismiss have been filed under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court

"need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

I. Vance County Sheriff's Office's motion to dismiss.

The motion to dismiss by defendant Vance County Sheriff's Office is granted as it lacks the legal capacity to be sued and is not a proper party to this action. It is well-established that sheriff's departments in North Carolina are not legal entities that can be sued in federal court. *See, e.g., Parker v. Bladen Cty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) ("[T]he Bladen County Sheriff's Department lacks legal capacity to be sued."); *Capers v. Durham Cty. Sheriff Dep't*, No. 1:07-CV-825, 2009 WL 798924, at *5 (M.D.N.C. 2009) ("I agree that Defendant Durham County Sheriff Department is not a legal entity capable of being sued"); *see also Treadway v. Diez*, 365 N.C. 288 (2011) (adopting dissent in *Treadway v. Dietz*, 209 N.C. App. 152, 158 (2011), which held that North Carolina law did not establish a sheriff's department as a distinct legal entity with capacity to be sued). This is true even in the context of an action alleging employment discrimination against a sheriff's office or department. *Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004).

Plaintiff essentially makes two arguments in opposition to the motion to dismiss. First, plaintiff contends that the Vance County Sheriff's Office is not immune from suit. But defendant Vance County Sheriff's Office did not assert an immunity defense. It contends that it is not a legal entity which may be sued. Second, plaintiff contends that the Vance County Sheriff's Office may be sued as an unincorporated association. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to be sued is determined, as is relevant here, by the law of the state where the party is located. Fed. R. Civ. P. 17(b)(3). Rule 17(b) further provides that "a partnership or

other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws". Fed. R. Civ. P. 17(b)(3)(A).

The Vance County Sheriff's Office is a governmental unit established by North Carolina's State Constitution and governed by Chapter 153A of North Carolina's General Statutes. It is not an unincorporated association and therefore is not subject to suit as an unincorporated association. Federal courts have previously declined similar invitations to convert governmental units into unincorporated associations in order to subject them to suit. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214–15, n.4 (11th Cir. 1992) (affirming the district court's dismissal of claims against a sheriff's department and refusing to extend the definition of "unincorporated association" to government units).

Defendant Vance County Sheriff's Office's motion to dismiss is therefore granted.

II.     Vance County's motion to dismiss.

Plaintiff has alleged eight claims for relief against defendant Vance County: disparate treatment, hostile work environment, and unlawful retaliation under 42 U.S.C. § 1983; disparate treatment, hostile work environment, and retaliation under Title VII; breach of contract under North Carolina law; and punitive damages. Defendant Vance County argues that it had no employment relationship with plaintiff and thus plaintiff's claims, which all relate to his employment with the Vance County Sheriff's Office, fail to state a claim upon which relief may be granted against Vance County.[1] The Court agrees.

> North Carolina law vests the sheriff, not the county, with authority over the personnel decisions of his office. Although the county board of commissioners may fix the number of salaried employees within the sheriff's office, the sheriff "has the

---

[1] The Court was not required to refer to the materials attached to the motion to dismiss in order to decide the motion, and thus it need not determine whether they could properly be considered without converting the motion to one for summary judgment pursuant to Fed. R. Civ. P. 56.

4

> exclusive right" under N.C. Gen.Stat. § 153A–103 (1998) "to hire, discharge, and supervise the employees in his office." North Carolina courts interpret this statute to preclude county liability for personnel decisions made by sheriffs.

*Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000). The North Carolina Supreme Court has also recognized the "distinct demarcation between a county government and the office of the sheriff," as well as the sheriff's "singular authority over his or her deputies and employees . . . [including] the exclusive right to hire, discharge, and supervise the employees in his office." *Young v. Bailey*, 368 N.C. 665, 669 (2016).

Contrary to plaintiff's argument, that plaintiff has pleaded that his employment contract was with Vance County does not change the analysis. For example, plaintiff's complaint alleges that the Vance County Sheriff's Office is a department of Vance County and that Vance County and the Vance County Sheriff's Office hired plaintiff pursuant to a two-year employment contract. Compl. ¶¶ 12, 15. North Carolina's Supreme Court has held, however, "that a sheriff's office is not a program or department of a county and . . . a deputy sheriff or employee of a sheriff's office is not a county employee." *Young*, 368 N.C. at 669–70. Thus, this allegation is contrary to law, and the Court is not required to presume its truthfulness for purposes of a Rule 12(b)(6) motion.

Each of plaintiff's claims against Vance County arise from his employment at the Vance County Sheriff's Office. But a county "may only be held liable for acts for which the county has 'final policymaking authority'," and "[w]hether a county or county official has final policymaking authority in a specific area is a question of state law." *Worrell v. Bedsole*, 110 F.3d 62 (4th Cir. 1997) (table decision). Courts have consistently held that "[t]he sheriff, not the county, has final policymaking authority over the personnel decisions in his office." *Id.*; *see also Parker*, 583 F. Supp. 2d at 739; *Kelley v. Durham Cty.*, No. 1:12CV376, 2013 WL 527242, at *3 (M.D.N.C. Feb.

5

11, 2013). As plaintiff has failed to state a claim against defendant Vance County upon which relief can be granted, defendant Vance County is properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, the motions to dismiss filed by defendants Vance County Sheriff's Office [DE 9] and Vance County [DE 14] are GRANTED. Defendants Vance County Sheriff's Office and Vance County are DISMISSED. Plaintiff's claims against the remaining defendants shall proceed.

SO ORDERED, this 25 day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE