IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>        Defendants. | **DEFENDANTS'**<br>**RULE 26(f) REPORT AND**<br>**PROPOSED DISCOVERY**<br>**SCHEDULING ORDER** |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), counsel for the Parties conferred on March 26, 2020. The "Parties" shall mean the Plaintiff individually and the Defendants collectively. The Plaintiff was represented by Sharika M. Robinson and the Defendants by Christopher J. Geis and Erin H. Epley.

The Parties conferred over several days, but ultimately could not agree on the language in a final plan. While the Parties agree on the proposed discovery dates and deadlines below, they disagree over the proposed language in Paragraphs II(B)(3)(iii)-(v) below.

With respect to Paragraph II(B)(iii), Plaintiff seeks to include language seeking discovery from Defendants' personal electronic devices. Defendants do not consent to this language and submit to the Court the proposed language herein, which Defendants believe is sufficient to address "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced" in accordance with Local Rule 26.1.

1

With respect to Paragraphs II(B)(iv)-(v), Plaintiff generally objects to the inclusion of these Paragraphs on the basis that they are not required under the Local Rules. However, Local Rule 26.1 proposes that the following should be included in the Parties' Joint Rule 26(f) Report: "Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502." Accordingly, Defendants propose the language below in order to bring to the Court's attention the issues they foresee with respect to claims of privilege or of protection of trial-preparation materials. Notably, Defendants foresee discovery requests of officers' personnel files, which requires a protective order from the Court in accordance with N.C. Gen. Stat. § 153A-98, and is referenced in Paragraph II(B)(iv)(1) below. Defendants contend that this proposed language is particularly important in light of N.C. Gen. Stat. § 153A-98(f).[1]

As such, Defendants propose the following plan:

**I.**   **Initial Disclosures.**  The Parties agree that Rule 26(a)(1) disclosures will be exchanged within thirty (30) days of the Discovery Scheduling Order issued by this Court.

**II.**  **Joint Report and Plan**. The Parties propose to the Court the following discovery plan.

   **A. Nature and Complexity of the Case**. This case involves Plaintiff's allegations under 42 U.S.C. §§§ 1981, 1983, and 2000 and North Carolina common law against former Vance County Sheriff Peter White and former Vance County chief sheriff's deputies Lawrence Bullock and Weldon Bullock and relates to the firing of Plaintiff

---

[1] N.C. Gen. Stat. § 153A-98(f) states that "any person, not specifically authorized by this section to have access to a personnel file designated as confidential, who shall knowingly and willfully examine in its official filing place, remove or copy any portion of a confidential personnel file shall be guilty of a Class 3 misdemeanor and upon conviction shall only be fined in the discretion of the court but not in excess of five hundred dollars ($500.00)."

Justin White. Defendants deny all liability and assert a number of affirmative defenses, including qualified, sovereign/governmental, and public officer's immunity. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988 present a federal question of deprivation of his federal rights, and this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative fact with his federal claims. Venue is proper in this District under 28 U.S.C. § 1391(b) because one or more Defendants resides in this District, and the claims asserted herein arose in this District.

**B. Parties' Plan for Proposed Discovery.**

    i. Discovery will be needed on the following subjects: the Plaintiff's claims under state and federal law, responses and defenses raised by the Defendants, all other issues raised by the pleadings, and other such matters as will lead to the discovery of admissible evidence. This statement does not waive any objection that a party may have to specific discovery responses.

    ii. Discovery Categories and Limitations.

        1. Interrogatories: maximum of twenty-five (25) by each Party; "Party" shall mean the Plaintiff and the Defendants collectively.

        2. Requests for Admissions: the Parties defer to Fed.R.Civ.P.36 with respect to the number of Requests for Admissions allowed by each Party;

3. Depositions: maximum of ten (10) by each Party, exclusive of expert witnesses; and each deposition other than of the Parties will be limited to a maximum of seven (7) hours on the record, unless extended by agreement of the Parties or by Order of the Court.

iii. Electronic Discovery. The Parties may seek disclosure or discovery of electronically stored information. Plaintiff intends to seek electronically stored records, including audio/video recordings, logs of all audio/video recordings, incident/investigative reports, audit trial logs from the systems that store such reports, emails, etc. The following provisions shall apply to any production of electronically stored information:

1. Form of production/preservation: The Parties agree that discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and electronically searchable, and that includes all metadata.

2. The Parties will address issues concerning electronic information as part of the discovery process.

iv. In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege and protection as trial-preparation material.

1. <u>Personnel files:</u> The Plaintiff's personnel file is protected from disclosure by N.C. Gen. Stat. § 153A-98 and cannot be released

without a court order. However, because the Plaintiff is entitled by law to review it, the Parties agree that it may be produced to the Plaintiff without the need for entry of such an order, if the Plaintiff so requests. Any other official personnel file of any Defendant or any other person may not be produced without a protective order issued by the Court, and the Defendants reserve the right to object to the production of the same for any reason permitted by the rules and case law.

2. <u>Trial-preparation materials:</u> The Parties agree to determine a procedure to assert such claims in the event of an inadvertent production of privileged or trial-preparation materials. The Parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear intention of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly-produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute of the claim of privilege is resolved by the Court.

v. Confidential and Proprietary Information. The Parties will identify any certain issues relating to the disclosure of documents and information which may be confidential and proprietary information or may only be produced by order of the Court under state law. The Party seeking protection of information or documents sought by the requesting party shall file a consent motion to enter a mutually agreeable protective and/or production order pursuant to Fed. R. Civ. P. 26(c) promptly so as to allow timely discovery responses. The Parties propose to reserve the right to move for a protective order with regard to any subject of discovery including, but not limited to, the subjects listed above.

vi. All discovery shall be complete by December 31, 2020.

vii. No particular discovery problems are anticipated by the represented Parties.

**C. Proposed Discovery Deadlines.**

i. Disclosure of Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due July 30, 2020. Rebuttal Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due October 1, 2020.

ii. Any motions to join additional parties shall be filed within ninety (90) days of the service of Initial Disclosures.

iii. Any motions to amend the pleadings shall be filed within ninety (90) days of the service of Initial Disclosures, unless the moving party can show the Court good cause.

iv. Any disclosures or responses shall be supplemented or corrected in accordance with Rule 26(e).

    v. All dispositive motions shall be filed on or before February 1, 2021.

    vi. The Parties propose a Pretrial Conference thirty (30) days after the Court has issued its ruling on any dispositive motions filed after the conclusion of discovery.

    vii. Any objections under Rule 26(a)(3) must be filed in accordance with the Rule.

    viii. The Parties propose a Trial Date of approximately 90 days after the Court has issued its ruling on any dispositive motion filed at the conclusion of discovery. Trial of the action is expected to take four days.

**D. Prospects for Settlement.** At this point, the prospect of settlement is low.

**E. Mediation**. The Parties request that the Court appoint a mediator by May 30, 2020. The Parties agree that mediation be conducted on or before the close of discovery.

**F. Magistrate.** The Parties consent to magistrate jurisdiction and will file the appropriate consent forms within 30 days after the entry of a Discovery Scheduling Order.

**G. Pretrial Conference.** The Parties do not request a conference prior to the entry by this Court of its case management order.

Respectfully submitted, this 27th day of March, 2020.

/s/ Christopher J. Geis
Christopher J. Geis
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on March 27, 2020, I electronically filed the foregoing **DEFENDANTS' RULE 26(f) REPORT AND PROPOSED DISCOVERY SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participant:

Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: 704-561-6771
Facsimile: 704-561-6773
*Attorney for Plaintiff*

/s/ Christopher J. Geis
Christopher J. Geis
NC State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for defendants*