IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>        Defendants. | **PLAINTIFF'S<br>RULE 26(f) REPORT AND<br>PROPOSED DISCOVERY<br>SCHEDULING ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the Parties conferred on March 26, 2020. The "Parties" shall mean Plaintiff individually and Defendants collectively. Plaintiff was represented by Sharika M. Robinson and Defendants by Christopher J. Geis[1].

The Parties conferred over the course of several days, but could not agree on language for the final discovery plan due to Defendants' unethical behavior. Despite Rule 26(f)'s requirement that parties confer in "good faith", Defendants made unwarranted demands (some of which, required Plaintiff to waive rights provided

---

[1] Erin H. Epley requested to be removed from the Parties' Joint Rule 26(f) Report because she has not been admitted to this Court.

1

under the Federal Rules of Civil Procedure) and attempted to intimidate Plaintiff into agreement and threatened to—and in fact did—rush to the Court for cover, even before the expiration of the fourteen (14) day conference period. Because of Defendants, the negotiations ended before they really began. Now, the Parties primarily dispute Paragraphs II(B)(3)(iii)-(v) below.[2]

Plaintiff's proposed Paragraph II(B)iii, discusses electronic stored information ("ESI") protocols. Plaintiff outlines specific procedures for preserving and transferring ESI and outlines the types of materials that qualify as discoverable ESI. This is standard practice and is intended to avoid ambiguity about what constitutes ESI and how it should be transmitted that may occur under Defendants' proposed plan. As a measure of its faith, Defendants inform the Court that Plaintiff seeks to discover information from Defendants' personal devices. Defendants failed to inform the Court that Plaintiff agreed to eliminate that provision as a compromise to Defendants' removal of Paragraphs II(B)(iv)-(v).

Plaintiff specifically objects to the inclusion of Paragraphs II(B)(iv)-(v). Defendants' proposed language supplants the Federal Rules of Evidence and Procedure and is not required by Local Rule 26.1, especially absent agreement. *See* LRCP 26.1 ("Any issues about claims of privilege or of protection as trial-

---

[2] The Parties could not come to terms on matter such as the "Nature and Complexity of the Case". Plaintiff has included the subject that this case concerns, which is systemic racial discrimination against Plaintiff. Defendants omit this. Including this statement brings the form of the proposal into line with Local Rules of Civil Procedure ("LRCP") 26.1(e)(2), wherein the form demands that Parties describe the subjects into which discovery will be required.

2

preparation materials, including—*if the parties agree on a procedure to assert these claims after production*—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.") (emphasis added).

In terms of personnel files, Defendants would have the Parties agree in advance to certain issues of privilege. However, this is not the requirement under Rule 26(b)(5)(A), which states that privilege must be explicitly asserted when requested information is withheld. While Rule 26 gives the parties the ability to negotiate privilege in their discovery proposals, Plaintiff insists on following Rule 26(b)(5)(A), as it allows the court to make rulings on what information is and is not privileged at the appropriate time. This includes personnel files which may be requested without a court order, given that they may directly address the issues of racial discrimination which this case concerns. Indeed, Defendants contend that their own personnel files are not discoverable and have refused to provide Plaintiff with a complete copy of his own employment file.

With respect to trial-preparation materials, Defendants would have the Parties agree in advance that all inadvertent disclosures are considered privileged. This is not the rule under Rule 26(b)(5)(B), which instead states that the receiving party may present such disclosures to the court under seal in order to make a determination of whether the received material is admissible. Plaintiff wishes to address such issues if and when they become relevant, in accordance with Rule 26, rather than granting blanket privilege in advance to any inadvertently disclosed materials. Plaintiff believes 26(b)(5)(B) provides sufficient guidance on this matter.

3

Finally, Plaintiff and Defendants do not currently have an agreement on what is proprietary and, such an agreement is not required at this time. No listing of requirements for determining the discoverability of proprietary or confidential information are listed in either the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure. Lacking an agreement on the terms, and there being no strict need for this section at this stage, Plaintiff would follow the Federal Rules of Civil Procedure and have the Parties seek a protective order in accordance with Rule 26(c) when appropriate. However, the Federal Rules of Civil Procedure being the default rule, there is no need to include it in this proposal. Attached hereto as **Exhibit A** is the plan Plaintiff proposes under Rule 26(f).

Respectfully submitted, this 30th day of March, 2020.

*/s/ Sharika M. Robinson*
Sharika M. Robinson
The Law Offices of Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561-6771
Telefax: (704): 561-6673
Email: srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **PLAINTIFF'S RULE 26(f) REPORT AND PROPOSED DISCOVERY SCHEDULING ORDER** with the Clerk of Court using the court's CM/ECF system, which will send electronic notice to all counsel of record, as follows:

>Christopher J. Geis
>WOMBLE BOND DICKINSON (US) LLP
>One West Fourth Street
>Winston-Salem, NC 27101
>Telephone: (336) 721-3600
>Facsimile: (336) 721-3660
>Email: Chris.Geis@wbd-us.com
>*Attorney for Defendants*

Respectfully submitted, this 30th day of March, 2020.

>*/s/Sharika M. Robinson*
>Sharika M. Robinson
>The Law Offices of Sharika M. Robinson
>10230 Berkeley Place Drive, Suite 220
>Charlotte, NC 28262
>Telephone: (704) 561-6771
>Telefax: (704): 561-6673
>Email: srobinson@sharikamrobinsonlaw.com
>*Attorney for Plaintiff*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>                Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>                Defendants. | **RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), counsel for the Parties conferred on March 26, 2020. The "Parties" shall mean Plaintiff and Defendants collectively. Plaintiff was represented by Sharika M. Robinson and Defendants by Christopher Geis.

    I.    **Initial Disclosures.** The Parties agree that Rule 26(a)(1) disclosures will be exchanged within thirty (30) days of the discovery scheduling order issued by this Court.

    II.    **Joint Report and Plan.** The Parties jointly propose to the Court the following discovery plan.

        **A. Nature and Complexity of the Case.** This case involves Plaintiff's allegations of systemic discrimination against former Vance County Sheriff Peter White and former Vance County chief sheriff's deputies Lawrence Bullock and Weldon Bullock and relates to the firing of Plaintiff Justin White based on such discriminatory animus. Defendants deny all liability and assert a number of affirmative defenses, including qualified, sovereign/governmental, and public

7

officer's immunity. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff's under 42 U.S.C. §§ 1983 and 1988 present a federal question of deprivation of his federal civil rights, and this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative fact with his federal claims. Venue is proper in this District under 28 U.S.C. § 1391(b) because one or more Defendants resides in this District, and the claims asserted herein arose in this District.

**B. Parties' Plan for Proposed Discovery.**

    i. Discovery will be needed on the following subjects: Plaintiff's claims under federal and state law, responses and defenses raised by Defendants, all other issues raised by the pleadings, and other such matters as will lead to the discovery of admissible evidence. This statement does not waive any objection that a party may have to specific discovery responses.

    ii. Discovery Categories and Limitations.

        1. Interrogatories: maximum number as defined by the Federal Rules of Civil Procedure by each Party;

        2. Requests for Admissions: maximum number as defined by the Federal Rules of Civil Procedure by each Party;

        3. Depositions: maximum of ten (10) by each party, exclusive of expert witnesses; and each deposition other than of the Parties will be limited to a maximum of seven (7) hours on the record, unless extended by agreement of the Parties or by Order of the Court.

8

Case 5:19-cv-00467-BO   Document 22   Filed 03/30/20   Page 8 of 12

iii. Electronic Discovery. The Parties may seek disclosure or discover of electronically stored information. Plaintiff intends to seek electronically stored records, including audio/video recordings, logs of all audio/video recordings, incident/investigative reports, audit trial logs from the systems that store such reports, emails, text messages from professional and personal devices, etc. The following provisions shall apply to any production of electronically stored information:

1. The Parties will address issues concerning electronic information as part of the discovery process.

2. The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

    a) The Parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.,* "HR head," "County," and "Board." The Parties shall add or remove custodians as reasonably necessary;

    b) The Parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

9

3. The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

4. The Parties agree to produce discoverable electronically stored information in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and electronically searchable, and that includes all metadata. The Parties agree not to degrade the searchability of documents as part of the document production process.

5. Certain documents are protected from discovery if pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document.

6. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

iv. In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege and protection as trial-preparation material.

v. All discovery shall be complete by December 31, 2020.

vi. No particular discovery problems are anticipated by the represented Parties.

**C. Proposed Discovery Deadlines.**

i. Disclosure of Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due July 30, 2020. Rebuttal Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due October 1, 2020.

ii. Any motions to join additional parties shall be filed within ninety (90) days of the service of Initial Disclosures.

iii. Any motions to amend the pleadings shall be filed within ninety (90) days of the service of Initial Disclosures, unless the moving party can show the Court good cause.

iv. Any disclosures or responses shall be supplemented or corrected in accordance with Rule 26(e).

v. All dispositive motions shall be filed on or before February 1, 2021.

vi. The Parties propose a Pretrial Conference thirty (30) days after the Court has issued its ruling on any dispositive motions filed after the conclusion of discovery.

vii. Any objections under Rule 26(a)(3) must be filed in accordance with the Rule.

viii. The Parties propose a Trial Date of approximately 90 days after the Court has issued its ruling on any dispositive motion filed at the conclusion of discovery. Trial of the action is expected to take four days.

**D. Mediation.** The Parties will designate a mediator by May 30, 2020, pursuant to the Court's Order of mandatory mediation and will conduct a formal mediation on or before the close of discovery.

E.  **Magistrate.**  The Parties consent to Magistrate jurisdiction and will file the appropriate consent forms within 30 days after the entry of a Discovery Scheduling Order.

F.  **Pretrial Conference.**  The Parties do not request a conference prior to the entry by this Court of its case management order.

Respectfully submitted, this 30th day of March, 2020.


  /s/ Sharika M. Robinson_____
Sharika M. Robinson
The Law Offices of Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561-6771
Telefax: (704): 561-6673
Email: srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiff*


/s/ Christopher J. Geis_____
Christopher J. Geis
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile:  (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants*