IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>               Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>               Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED RULE 26(f) REPORT** |

NOW COME the Defendants, by and through counsel, and, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, respond to the Plaintiff's Rule 26(f) Report and Proposed Discovery Scheduling Order (D.E. No. 22) as follows in order to correct the record for this Court:

### 1. **Personnel files**

The Plaintiff's counsel has misrepresented to this Court the Defendants' position on personnel files that are protected from disclosure under N.C. Gen. Stat. § 153A-98. The Plaintiff's Rule 26(f) Report states: "Indeed, Defendants contend that their own personnel files are not discoverable and have refused to provide Plaintiff with a copy of his own employment file." This statement is false, and the Defendants invite the Plaintiff's counsel to provide to the Court any evidence in support of this statement.

First, no discovery has taken place, no initial disclosures have been required, and the Plaintiff's attorney has not even requested any personnel file, including the Plaintiff's. Thus, the

Defendants could not have "refused" to provide any personnel file when no such file was sought or required to be disclosed.

Nevertheless, the Defendants' counsel offered to provide to the Plaintiff's attorney a copy of the Plaintiff's personnel file, if the Plaintiff did not already have a copy, without the need for initial disclosures, a discovery request, or a court order, because the Plaintiff is entitled to review it under state law. Paragraph B(iv)(1) of the Defendants' Rule 26(f) Report (D.E. No. 21) specifically reflects this offer. Thus, the Defendants' Rule 26(f) Report directly contradicts the Plaintiff's attorney's representation to this Court that the Defendants have refused to provide a copy of the Plaintiff's personnel file. The Plaintiff has not asked for it, but the Defendants offered to provide it anyway.

The Defendants' counsel did inform the Plaintiff's attorney that, because N.C. Gen. Stat. § 153A-98 makes it a misdemeanor criminal offense to disclose a personnel file without a court order, any other personnel file could not be provided without a consent protective order allowing for production of the same. But the Defendants' counsel never said no such files would be produced in discovery.

Thus, the Plaintiff's attorney has mischaracterized the Defendants' position on this issue. An attorney has a duty of candor to the tribunal, and the Defendants welcome this Court's inquiry into this matter if warranted.

The Defendants' counsel reiterates here that no personnel file of any party or other person, except for the Plaintiff, will be provided to the Plaintiff's attorney without a consent protective order issued by the Court that allows for production of said files. The Defendants will provide the Plaintiff's personnel file to the Plaintiff upon receipt of a written discovery request for it.

## 2. **Other matters**

The remainder of Plaintiff's Rule 26(f) Report is filled with the same hyperbolic, over-wrought, and baseless assertions contained in the Complaint.

This case is about allegations that the Plaintiff, who is black, has made about his tenure as a Vance County sheriff's deputy. The Plaintiff was fired for excessive force for breaking the arm of a black woman during an arrest. The Plaintiff alleges that the Defendants – Sheriff Peter White and former Chief Deputies Lawrence D. Bullock and Weldon Wallace Bullock, all of whom are also black – discriminated against him on the basis of his race. The Defendants denied these allegations in their Answer. The Plaintiff's attorney wanted to put in the Rule 26(f) Report that this case was about "systemic discrimination," but while this allegation, which is denied, may be properly asserted in the Complaint or another pleading, it does not belong in a Joint Rule 26(f) Report. Thus, the Defendants would not agree to this language.

Further, other parts in the remainder of the Plaintiffs' Rule 26(f) Report contain assertions that have no basis in fact. The Plaintiff's counsel and Defendants' counsel negotiated over the language in the report for nearly two weeks, and could not come to agreement because of the Plaintiff's intransigence and lack of familiarity, among other things, with the law on personnel records. The Defendants' counsel made no "unwarranted demands," nor attempted to "intimidate" the Plaintiff's counsel.

Instead, Defendants initiated the Rule 26(f) Conference by attempting to negotiate with Plaintiff on numerous issues, including interrogatories, requests for admissions, and depositions, all issues of which Defendants agreed to compromise in order to meet Plaintiff's demands. Specifically, Defendants proposed a specific number of interrogatories, 30 — which is more than the number afforded by the Federal Rules of Civil Procedure – and a specific number of requests

for admissions, 25, for the sole purpose of having a definite number for each Party. When it appeared that the parties could not agree, Defendants agreed to default to the Federal Rules of Civil Procedures for both interrogatories and requests for admissions, as proposed by Plaintiff. Further, Defendants initially proposed limiting depositions to three hours, but agreed to the maximum seven hours as requested by Plaintiff. Additionally, Defendants agreed to all of Plaintiff's proposed deadlines, which extended the deadlines proposed by Defendants.

At no point during this process did Defendants attempt to intimidate Plaintiff into agreement or threaten to rush to the Court for cover. When it became apparent on March 27, 2020, that the parties could not reach an agreement before the Court's filing deadline, the Defendants' counsel emailed the Plaintiff's counsel to inform her that the Defendants intended to file a separate Rule 26(f) Report setting forth their position on disputed matters, which is permitted under Local Rule 26.1(e)(2). That rule states that, "If the parties cannot agree on a joint report, each party shall file a separate Rule 26(f) report setting forth its position on disputed matters." The parties could not agree and so the Defendants' filed their own report.

### 3. <u>**Conclusion**</u>

For the reasons cited herein and in their Rule 26(f) Report, the Defendants respectfully request that their Proposed Discovery Plan be adopted by this Court.

Respectfully submitted this 31st day of March, 2020.

/s/ Christopher J. Geis
Christopher J. Geis, NC State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on March 31, 2020, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participant:

Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: 704-561-6771
Facsimile: 704-561-6773

*Attorney for Plaintiff*

/s/ Christopher J. Geis
Christopher J. Geis
NC State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for defendants*