IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>    Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 26(f) REPORT AND UPDATED PROPOSED DISCOVERY SCHEDULING ORDER** |

  Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the Parties conferred on March 26, 2020. The "Parties" shall mean Plaintiff individually and Defendants collectively. Plaintiff was represented by Sharika M. Robinson and Defendants by Christopher J. Geis[1]. Plaintiff updates his plan.

  As the Court is aware, the Parties conferred over the course of several days, but could not agree on language for the final discovery plan due to Defendants' unethical behavior. Despite Rule 26(f)'s requirement that parties confer in "good faith," Defendants did not act in good faith and have yet again come before this

---

[1] Erin H. Epley requested to be removed from the Parties' Joint Rule 26(f) Report because she has not been admitted to this Court.

1

Court with shaded information and *without leave*—similarly to their other replies. Defendants have further exhibited questionable candor.

Defendants' Response to Plaintiff's Proposed Rule 26(f) Report (the "Response") contends and challenges Plaintiff to produce evidence that Plaintiff made a request for his personnel file that was not honored. Plaintiff asks this Court to note that this matter has proceeded for years, certain requests were made and Plaintiff has yet to receive a copy of his personnel file. Plaintiff's request for his personnel file is attached, *See* attached hereto is **Exhibit A**. Plaintiff also asks this Court to remember that Defendants presented certain information to the exclusion of other information in its motions to dismiss, namely related to Plaintiff's personnel file.

Defendants' counsel has acted without candor or honor and, should the Court request, Plaintiff is willing to provide the Court with an in-camera review and inspection of communications between Defendants' counsel and Plaintiff's counsel to establish such point.

Nevertheless, Defendants' counsel may be mistaken as to the length of the negotiations between counsels because he simply "timed out" and could not communicate by email with Plaintiff's counsel early in the negotiations after his threats and unprofessional behavior were directly noted.

Defendants counsel would have the Court to believe that this matter is simply an employment dispute. However, this is a dispute about how a Black sheriff's deputy suffered from systemic racism despite the leadership of a Black official, and exposes that racism is not confined to White people. The presence of Black

leadership does not, and should not, shield Defendants from legitimate accusations of racism. Let us not forget that Black slaves reported to their masters against other Black persons.

Out of the realm of racism, this is a matter of human compassion, fairness and equity. Mr. White is educated, studied and trained to do a job that facilitates the safety of North Carolina's citizens. He was inequitably and unjustly stripped of his position of service because he would not bow his head and accept inferior treatment. The County may present many more passive employees; however, it cannot hand wave Mr. White's case, nor his decision to press for equality.

In fact, what Defendants really want to keep from disclosure is that fact that it has cut down and terminated any person, especially those whom are Black and namely those who were named in Mr. White's Complaint, from its employment. And, Defendants have continued to engage in deceptive behavior since the filing of Mr. White's Complaint. The scope of the case is not as concise as Defendants would have the Court think.

Finally, Defendants and Plaintiff negotiated a number of points, such as dates, terms and schedules. Plaintiff sees no need to inform the Court of every detail, only that Defendants' *named* counsel could not be part of the process because he behaves as if he is beyond reproach, for one reason or another.

As such, attached hereto as **Exhibit B** is the updated plan Plaintiff proposes under Rule 26(f). In it, Plaintiff no longer consents to Magistrate Jurisdiction and defers to its initial request as a trial before jury of this Court, among others.

3

Respectfully submitted, this 1st day of April, 2020.

                                */s/ Sharika M. Robinson*
                                Sharika M. Robinson
                                The Law Offices of Sharika M. Robinson
                                10230 Berkeley Place Drive, Suite 220
                                Charlotte, NC 28262
                                Telephone: (704) 561-6771
                                Telefax: (704): 561-6673
                                Email: srobinson@sharikamrobinsonlaw.com
                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 26(f) REPORT AND PROPOSED DISCOVERY SCHEDULING ORDER** with the Clerk of Court using the court's CM/ECF system, which will send electronic notice to all counsel of record, as follows:

> Christopher J. Geis
> WOMBLE BOND DICKINSON (US) LLP
> One West Fourth Street
> Winston-Salem, NC 27101
> Telephone: (336) 721-3600
> Facsimile: (336) 721-3660
> Email: Chris.Geis@wbd-us.com
> *Attorney for Defendants*

Respectfully submitted, this 1st day of April, 2020.

>   /s/ Sharika M. Robinson
> Sharika M. Robinson
> The Law Offices of Sharika M. Robinson
> 10230 Berkeley Place Drive, Suite 220
> Charlotte, NC 28262
> Telephone: (704) 561-6771
> Telefax: (704): 561-6673
> Email: srobinson@sharikamrobinsonlaw.com
> *Attorney for Plaintiff*

6