# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE, | |
| Plaintiff, | |
| v. | |
| VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities. | **RULE 26(f) REPORT** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), counsel for the Parties conferred on March 26, 2020. The "Parties" shall mean Plaintiff and Defendants collectively. Plaintiff was represented by Sharika M. Robinson and Defendants by Christopher Geis.

I.  **Initial Disclosures.**  The Parties agree that Rule 26(a)(1) disclosures will be exchanged within thirty (30) days of the discovery scheduling order issued by this Court.

II.  **Joint Report and Plan**.  The Parties jointly propose to the Court the following discovery plan.

 A.  **Nature and Complexity of the Case**.  This case involves Plaintiff's allegations of systemic discrimination against former Vance County Sheriff Peter White and former Vance County chief sheriff's deputies Lawrence Bullock and Weldon Bullock and relates to the firing of Plaintiff Justin White based on such discriminatory animus.  Defendants deny all liability and assert a number of affirmative defenses, including qualified, sovereign/governmental, and public

officer's immunity. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff's under 42 U.S.C. §§ 1983 and 1988 present a federal question of deprivation of his federal civil rights, and this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative fact with his federal claims. Venue is proper in this District under 28 U.S.C. § 1391(b) because one or more Defendants resides in this District, and the claims asserted herein arose in this District.

**B. Parties' Plan for Proposed Discovery.**

    i. Discovery will be needed on the following subjects: Plaintiff's claims under federal and state law, responses and defenses raised by Defendants, all other issues raised by the pleadings, and other such matters as will lead to the discovery of admissible evidence. This statement does not waive any objection that a party may have to specific discovery responses.

    ii. Discovery Categories and Limitations.

        1. Interrogatories: maximum number as defined by the Federal Rules of Civil Procedure by each Party;

        2. Requests for Admissions: maximum number as defined by the Federal Rules of Civil Procedure by each Party;

        3. Depositions: maximum of ten (10) by each party, exclusive of expert witnesses; and each deposition other than of the Parties will be limited to a maximum of seven (7) hours on the record, unless extended by agreement of the Parties or by Order of the Court.

iii. Electronic Discovery. The Parties may seek disclosure or discover of electronically stored information. Plaintiff intends to seek electronically stored records, including audio/video recordings, logs of all audio/video recordings, incident/investigative reports, audit trial logs from the systems that store such reports, emails, text messages from professional and personal devices, etc. The following provisions shall apply to any production of electronically stored information:

1. The Parties will address issues concerning electronic information as part of the discovery process.

2. The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

   a) The Parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.,* "HR head," "County," and "Board." The Parties shall add or remove custodians as reasonably necessary;

   b) The Parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

3. The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

4. The Parties agree to produce discoverable electronically stored information in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and electronically searchable, and that includes all metadata. The Parties agree not to degrade the searchability of documents as part of the document production process.

5. Certain documents are protected from discovery if pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document.

6. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

iv. In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege and protection as trial-preparation material.

v. All discovery shall be complete by December 31, 2020.

vi. No particular discovery problems are anticipated by the represented Parties.

**C. Proposed Discovery Deadlines.**

i. Disclosure of Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due July 30, 2020. Rebuttal Expert Witnesses and reports thereof pursuant to Rule 26(a)(2) shall be due October 1, 2020.

ii. Any motions to join additional parties shall be filed within ninety (90) days of the service of Initial Disclosures.

iii. Any motions to amend the pleadings shall be filed within ninety (90) days of the service of Initial Disclosures, unless the moving party can show the Court good cause.

iv. Any disclosures or responses shall be supplemented or corrected in accordance with Rule 26(e).

v. All dispositive motions shall be filed on or before February 1, 2021.

vi. The Parties propose a Pretrial Conference thirty (30) days after the Court has issued its ruling on any dispositive motions filed after the conclusion of discovery.

vii. Any objections under Rule 26(a)(3) must be filed in accordance with the Rule.

viii. The Parties propose a Trial Date of approximately 90 days after the Court has issued its ruling on any dispositive motion filed at the conclusion of discovery. Trial of the action is expected to take four days.

**D. Settlement**. The prospect of settlement is very low and unlikely.

**E. Mediation.** The Parties ask the Court to designate a mediator by April 30, 2020, pursuant to the Court's Order of mandatory mediation and will conduct a formal mediation before May 30, 2020.

**F. Pretrial Conference.** The Parties request a conference prior to the entry by this Court of its case management order.

Respectfully submitted, this 1st day of April, 2020.


  /s/ Sharika M. Robinson
Sharika M. Robinson
The Law Offices of Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561-6771
Telefax: (704): 561-6673
Email: srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiff*


/s/ Christopher J. Geis
Christopher J. Geis
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants*