IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

JUSTIN J. WHITE,

        Plaintiff,

v.

VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.

        Defendants.

**REQUEST FOR ADMISSION**

---

Plaintiff Justin J. White requests that Defendant Peter White, individually and in his capacity as Sheriff of Vance County and head of the Vance County Sheriff's Office (VCSO) admit or deny the following statement of law. If objection is made, please state the reason for the objection. If denying the matter, please set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Justin J. White., by his counsel, submits the following Requests for Admissions to Defendant Peter White. pursuant to FRCivP Rule 36.

**INSTRUCTIONS**

If Defendant Peter White (Hereafter, "Defendant") fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

As is more fully set out in Rule 36(a), the Defendant must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If the Defendant objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that the Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reasons for its objection or denial. These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCivP Rule 26(e). Each Request solicits all information obtainable by Defendant Peter White from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## **DEFINITIONS**

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2. The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers, schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs, specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

3. Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

4. As used herein, "Plaintiff" means, unless otherwise indicated, Justin J. White.

5. As used herein, "Defendant", shall be deemed to include Peter White, as well as their agents, attorneys, representatives or any other person acting on their behalf or on behalf of any one of them

**FIRST SET OF ADMISSIONS**

1. Admit that, at all times relevant to this inquiry, Defendant Peter White was serving as the Sheriff of Vance County and, as such, was head of the VCSO, with authority over all of its deputies.

2. Admit that Defendant served as Sheriff of Vance County from 2006 until December of 2018.

3. Admit that, as Sheriff, Defendant had final policymaking authority for the VCSO, including final authority over personnel decisions.

4. Admit that, at all times relevant to this inquiry, it was VCSO policy that officers not serve arrest warrants alone.

5. Admit that Plaintiff requested to be trained in the use of mace/pepper spray.

6. Admit that the ethnicity of the man that Plaintiff was ordered to serve with a criminal summons on December 23, 2017 was Mexican-Hispanic.

7. Admit that Defendant ordered plaintiff to serve criminal summonses for Driving While License Revoked (Driving While Intoxicated) and No Operator License to the man involved in the collision in the previous request.

8. Admit that the incident leading to the criminal summons that Plaintiff was ordered to serve on December 23, 2017 occurred on private property and that Plaintiff informed Defendant of the same.

9. Admit that Plaintiff informed Defendant that man involved in the above referenced collision did not show signs of intoxication.

10. Admit that the subject that Plaintiff pulled over for reckless driving on January 26, 2018, was White.

11. Admit that Defendant held a conference or meeting which Plaintiff was not asked to attend after Plaintiff filed a complaint with the Equal Opportunity Employment Commission (EEOC) at which the complaint was discussed.

12. Admit that Vance County Sheriffs and Sheriff's Deputies are trained in, and have knowledge of, the subject control techniques and the Use of Force Continuum as instructed in the Basic Law Enforcement Training (BLET) course.

13. Admit that Deputies are not permitted to use less lethal weapons such as OC pepper spray/mace, tasers, batons, etc., without training in the use of that weapon.

14. Admit that training in tasers and OC pepper spray/mace must be requested by the deputy him/herself rather than being provided as a matter of course.

15. Admit that the VCSO's Use of Force Continuum is identical to that taught as part of Basic Law Enforcement Training (BLET).

16. Admit that, upon Plaintiff's June 15, 2018 request for an appeal of his performance review, Plaintiff's performance evaluation was changed from an unsatisfactory rating to a satisfactory rating.

17. Admit that Defendant declined to investigate Plaintiff's two internal written discrimination complaints against Lt. Campbell, filed June 15, 2018.

18. Admit that Lt. Campbell was suspended following complaints filed by Plaintiff for altering and/or fabricating documents related to Plaintiff's conduct and for his treatment of Plaintiff.

19. Admit that, aside from his February, 2018 suspension and his later termination, there are no negative performance reviews in Plaintiff's record.

20. Admit that Plaintiff's decision to serve felony warrants on October 23, 2018 on the driver of a car that he had interacted with on October 21, 2018 was proper.

/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, the foregoing was served on the following by electronic mail:

Christopher J. Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS

/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White