IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>        Defendants. | **PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS** |

Comes Now Justin White, Plaintiff in the above-styled action, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the above-captioned Defendants produce the following documents. All documents shall be served upon the attorney for Plaintiff at the offices of Sharika M. Robinson at 10230 Berkley Pl. Dr., Ste. 220 Charlotte, NC 28262 no later than thirty (30) days after service of these Requests.

**INSTRUCTIONS**

1.    In responding to these Requests, you are required to furnish all information available to you, including but not limited to information in the possession of your attorneys, agents, associates, and any other person or entity acting on your behalf, and not merely such information and documents as are within your personal possession.

2.  If you maintain that any information or documentation responsive to these Requests is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

a. The legal nature of the privilege or claim of confidentiality asserted;

b. The factual basis for asserting the privilege or claim of confidentiality;

c. The subject matter to which the privilege or claim of confidentiality relates;

d. With respect to a document, identify the document by subject matter, date of creation, date of distribution, and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and

e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

3.  An objection that a Request is overbroad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the Request, and to respond to that portion of the Request which is not subject to such limitations.

4.  If, after exercising due diligence to secure the documents necessary to provide a complete response to any of these Requests, you are unable to provide a response, please provide a statement to that effect followed by an explanation of your inability to provide a complete response to each Request, a detailed account of the efforts you have made to secure any documents which you have been unable to obtain, and the most complete response to each Request that you can provide.

5. If you maintain that any document to be produced pursuant to any of these Requests has been lost, misplaced, or destroyed, please set forth:

a. The last known custodian of the document;

b. Whether the document has been lost, misplaced, or destroyed;

c. The date on which the document was lost, misplaced, or destroyed;

d. The manner in which the document was lost, misplaced, or destroyed;

e. The reason(s) (if known) that the document was lost, misplaced, or destroyed;

f. The name(s) of the person(s) (if known) who lost, misplaced, or destroyed the document;

g. The name(s) of the person(s) (if known) who authorized the destruction of the document (if applicable);

h. Any efforts made to locate, recover, and/or salvage the document;

i. A statement describing the document, including: a summary of its contents, the identity of its author, the identity of each person to whom it was addressed, and the identity of each person to whom the original or a copy was sent or shown.

6. If any document requested is no longer in existence, please:

a. Identify all information contained in the document;

b. Classify the document by type letter, memorandum, tape, computer diskette, etc.;

c. State the time period during which the document was maintained;

d. State the circumstances under which the document ceased to exist;

e. Identify all persons having knowledge of the circumstances under which the document ceased to exist,

f. Identify all persons who have knowledge or who had knowledge of the document and its contents.

7. Each Request should be deemed continuing so as to require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure.

# DEFINITIONS

As used herein the term(s):

1. "Documents" means and includes, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRI's, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

2. "Regarding" or "relating to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

3. "Investigation" means any activity from which a document was generated which relates to the facts and circumstances of the accident. Such documents include but are not limited to statements, photographs, videotapes, measurements, accident reports, maps, reports relating to examinations, inspection reports, and reports made regarding surveys or canvassing activities.

4. "You," "your," or "Defendant" refer without limitation to Defendant(s) Peter White, Lawrence Bullock and/or Weldon Wallace Bullock, Defendants' attorneys or investigators, insurers, agents and all other persons acting in Defendants' behalf.

5. "Employer" means Sheriff Peter White or the Vance County Sheriff's Office

6. "Plaintiff" means Justin J. White.

7. "Date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

8. VCSO refers to the Vance County Sheriff's Office

## DOCUMENT REQUESTS

1. Any and all documents which evidence or mention complaints of racial harassment/discrimination or inappropriate behavior of a racially harassing/discriminatory nature in the workplace on the part of the Plaintiff, including any investigative documents in the possession of Defendants.

**RESPONSE:**


2. Any and all documents related to complaints of racial harassment/discrimination or inappropriate conduct of a racial harassment/discrimination nature made by any employee of Defendant from 2010 to present.

**RESPONSE:**


3. Any and all documents relating to investigation and actions taken in response to complaints of racial harassment/discrimination or inappropriate conduct of a racial harassment/discrimination nature against Defendant, or its employees or agents from 2010 to present.

**RESPONSE:**


4. Any and all documents relating to actions taken by Defendants against individuals when a complaint of racial harassment/discrimination or inappropriate behavior of a racial harassment/discrimination nature from 2010 to present.

**RESPONSE:**

5. Any and all documents relating to any actions, including lawsuits, taken against Defendants, with regard to any complaints ever made to Defendant employer regarding discrimination on the part of the harasser(s), or racial harassment/discrimination or inappropriate racial harassment or discriminatory conduct on the part of the harasser.

**RESPONSE:**

6. Any and all documents in the possession or control of Defendants relating to any complaints made by the Plaintiff to Defendant employer, or its franchisees or agents, relating to any inappropriate conduct of a racial harassment/discrimination nature by your employees or agents. This request specifically includes all complaints, investigative notes, and other documents relating to the Plaintiff's Complaint about the harasser(s).

**RESPONSE:**

7. Any and all documents which mention, evidence, or refer to complaints made by anyone about inappropriate conduct of a racial harassment/discrimination nature of your employees. As used in this request, the term "complaints" is defined as any statement evidencing displeasure, grief, pain, regret, censure, resentment, discontent, lament or faultfinding.

**RESPONSE:**

8. Any and all documents which evidence, refer or relate to any improper conduct of a racial harassment/discrimination nature alleged against the harasser(s).

**RESPONSE:**

9. Any and all written statements relating to complaints by anyone alleging improper behavior of a racial harassment/discrimination nature against the harasser(s).

**RESPONSE:**

10. All minutes and agenda(s) of Defendant employer, from January 1, 2010, through the present date which addressed issues, complaints, investigations, and/or policies relating to racial harassment/discrimination affecting employees of Defendant employer.

**RESPONSE:**

11. All memoranda, letters, postings, training handbooks presented to Defendant employer's employees from January 1, 2010, through the present date which addressed issues, complaints, investigations, and/or policies relating to racial harassment/discrimination discrimination affecting employees of Defendant employer.

**RESPONSE:**

12. Defendants' complete investigation file on the Plaintiff's racial harassment/discrimination allegations, including notes of interviews and statements obtained from other witnesses and/or alleged harasser.

**RESPONSE:**

13. Any and all documents related to complaints of inappropriate conduct or comments of a racial harassment/discrimination nature toward a customer client patient made by any employee or patient of Defendants from 2010 to present.

**RESPONSE:**

14. Any and all documents relating to investigation and actions taken in response to complaints of inappropriate conduct or comments of a racial harassment/discrimination nature toward a customer client patient against the Defendants, or its employees or agents from 2010 to present.

**RESPONSE:**

15. Any and all documents relating to any actions taken against the harasser, with regard to any complaints ever made to Defendant employer regarding inappropriate conduct or comments of a racial harassment/discrimination nature toward a patient on the part of the harasser.

**RESPONSE:**

16. Any and all documents which mention, evidence, or refer to complaints made by anyone about inappropriate conduct or comments of a racial harassment/discrimination nature toward a customer/client/patient by the harasser.

**RESPONSE:**

17. Defendant's Standard Operation Procedures for 2016, 2017, 2018, 2019 and 2020.
**RESPONSE:**

18. Defendant's Employee Handbook for 2016, 2017, 2018, 2019 and 2020
**RESPONSE:**

19. Defendant's EEOC Discrimination policy for 2016, 2017, 2018, 2019 and 2020.
**RESPONSE:**

20. Any and all written statements relating to complaints by anyone alleging inappropriate conduct or comments of a racial harassment/discrimination nature toward a patient against the harasser.

**RESPONSE:**

21. Any and all documents evidencing lawsuits or administrative actions taken against Defendant alleging discrimination in the last 10 years.

**RESPONSE:**

22. Any and all documents supports your defense against Plaintiff's allegation of racial harassment/discrimination.

**RESPONSE:**

23. Full complete personnel file and training file of the following:

1. Peter White

2. Lawrence D. Bullock

3. Durwood Campbell

4. Andre Poole

5. Brian Kenneth Wayne

6. Weldon Wallace Bullock

7. Robert Martin

8. Mark Welborn

9. Justin White

10. Sergeant Roberson

**RESPONSE:**

24. Please produce a copy/policy of Defendant Sheriff White's bond pursuant to N.C. Gen. Stat. § 162-8.

**RESPONSE:**

25. The Curriculum Vitae of any expert witnesses that Defendant plans to call.

**RESPONSE:**

26. Any and all documents which Defendant asks any expert witness to review.

**RESPONSE:**

27. Any and all contents of expert witness' files.

**RESPONSE:**

28. Any and all communications between the Defendants and the North Carolina Department of Justice: Sheriffs' Education and Training Standards Commission concerning Plaintiff.

**RESPONSE:**

29. Any and all communications between the Defendants and the North Carolina Department of Justice: Criminal Justice Education and Training Standards Commission concerning Plaintiff.

**RESPONSE:**

30. Any and all communications between the Defendants and North Carolina Special Police, LLC concerning Plaintiff.

**RESPONSE:**

Respectfully submitted this 24th day of June, 2020.


/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, the foregoing was served on the following by electronic mail:

Christopher Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS


       /s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White