IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

JUSTIN J. WHITE,

                Plaintiff,

v.

VANCE COUNTY, NORTH
CAROLINA, VANCE COUNTY
SHERIFF'S OFFICE, PETER WHITE,
in his official and individual capacities,
LAWRENCE D. BULLOCK, in his
official and individual capacities,
WELDON WALLACE BULLOCK, in
his official and individual capacities.

                Defendants.

---

## PLAINTIFF JUSTIN WHITE'S FIRST SET OF INTERROGATORIES TO DEFENDANT PETER WHITE

Comes Now Justin White, Plaintiff in the above-styled action, and propounds the attached first continuing interrogatories to Defendant Peter White in his official capacity as Sheriff of Vance County ("Defendant or Defendant Employer") pursuant to FRCP Rule 33, to be answered separately and individually under oath. Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Sharika M. Robinson at 10230 Berkley Pl. Dr., Ste. 220 Charlotte, NC 28262 no later than thirty (30) days after electronic service of these Interrogatories.

## INTRODUCTION AND DEFINITIONS

1.      Each Interrogatory seeks information available to Defendant, his attorneys and agents, and all persons acting on his behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to Defendant, Defendant's attorneys or investigators, insurers, agents and all other persons acting on Defendant's behalf.

2.      Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrences and events mentioned, referred to, or complained of in Plaintiff's Complaint and any amendments thereto (the "Complaint").

3.      As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's full name, home address, home telephone number, employer, profession or trade, business address, business telephone number, last four numbers of his/her social security number, place of birth, and date of birth.

4.      Where the identity of a corporation, business, partnership, hospital, medical center, clinic, institution, or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address, and its telephone number.

6.      When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive. If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

7.      In answering these Interrogatories, you are required to furnish all information available to you, including but not limited to information in the possession of your attorneys, agents, associates, relatives, and friends. If you are unable to answer any Interrogatory fully or completely, so state in your answer to that Interrogatory that you purport to be unable to answer fully or completely, state the facts

on which you rely in contending that you are unable to answer the Interrogatory fully or completely and, state the knowledge that you have concerning the unanswered portion of the Interrogatory.

8.      If you maintain that any information or documentation responsive to these Interrogatories is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

a. The legal nature of the privilege or claim of confidentiality asserted;

b. The factual basis for asserting the privilege or claim of confidentiality;

c. The subject matter to which the privilege or claim of confidentiality relates;

d. With respect to a document, identify the document by subject matter, date of creation, date of distribution, and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and

e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

9.      An objection that an Interrogatory is overbroad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the Interrogatory, and to respond to that portion of the discovery request which is not subject to such limitations.

10.      Each Interrogatory should be deemed continuing so as to require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure. As such, you are required to supplement your answers to include information acquired after providing your answers to these Interrogatories if you obtain information upon the basis of which you know that an answer was

incorrect or incomplete when made, or you know that an answer, though correct and complete when made, is no longer true and complete and the circumstances are such that a failure to amend the answer is in substance misleading or a knowing concealment.

## INTERROGATORIES

1.     Identify all employees and former employees interviewed in the course of defendant's investigation of the allegations contained in plaintiff's Complaint, including defendant's investigation of such allegations prior to the filing of this lawsuit.

**ANSWER:**


2.     For each person identified in the preceding Interrogatory, state:

a.     Their name, address and telephone number;

b.     The date, time and place he/she was interviewed;

c.     The name of each person who interviewed him/her;

d.     The reason he/she was interviewed;

e.     The subject about which he/she was interviewed.

**ANSWER:**


3.     Please state whether any VCSO deputy/employee has ever complained orally or in writing about racial harassment/discrimination to Defendant.

**ANSWER:**


4.     If the answer to the preceding Interrogatory is in the affirmative, for each complaint, please state the following:

a.     Where the complaint originated;

b.     The date the complaint was made;

c.     The name, title, if applicable, and address of the person who complained;

d.     Provide details regarding what specific behavior was complained of, including the time period in which the behavior occurred;

e.     Whether the complaint was oral or in writing;

f.     If the complaint was oral, state the name, title, and address of any and all persons to whom the complaint was made, were present when the oral complaint was made, or who have knowledge of the oral complaint, and provide copies of any and all notes taken, or other documentation of the oral complaint;

g.     If the complaint was in writing, state the name, title and address of any and all persons to whom the written complaint was addressed, or who have knowledge of the written complaint, and provide copies of any and all letters or other documentation of the written complaint;

h.     Whether any investigations were conducted as a result of the complaint;

i.     If investigations were conducted, provide the name, title and address of the person or persons who conducted the investigation, and provide copies of any and all notes, reports, or other documentation regarding the investigation and any and all findings;

j.     Whether a company/department/office policy exists with regard to racial harassment/discrimination by employees of Defendant employer;

k.     If a company policy exists, please provide a copy of the entire company policy, including but not limited to disciplinary procedures against employees for racial harassment/discrimination;

l.     Whether any disciplinary action was taken against (the harasser(s)), at any time as a result of a complaint against him/her for racial harassment/discrimination;

m.     If disciplinary action was taken against (the harasser(s)), as a result of racial harassment/discrimination or discrimination complaints, provide specific details regarding what action was taken, and provide copies of any and all documentation of the disciplinary action.

**ANSWER:**

5.      Please describe all actions taken by defendant employer to prevent racial harassment/discrimination from occurring in the workplace during the relevant time period.

**ANSWER:**

6.      Did Defendant ever discourage Plaintiff from pursuing a complaint, internal or otherwise, before or after the complaint was made?

**ANSWER**:

7.      If the answer to the previous question is affirmative, on what documents or evidence did Defendant rely to make the determination that such a complaint was not worth pursuing?

**ANSWER**:

8.      Does Defendant employer or any of Defendant employer's supervisory personnel have knowledge or indications of inappropriate comments regarding or related to Defendant employees, Plaintiff or others, made by Durwood Campbell?

**ANSWER:**

9.      Please state whether any employee of the VCSO has ever complained orally or in writing about inappropriate conduct or comments of racial harassment discrimination toward them.

**ANSWER:**

10.      If the answer to the preceding Interrogatory is in the affirmative, for each complaint, please state the following:

a.      Where the complaint originated;

b. The date the complaint was made;

c. The name, title, if applicable, and address of the person who complained;

d. Provide details regarding what specific behavior was complained of, including the time period in which the behavior occurred;

e. Whether the complaint was oral or in writing;

f. If the complaint was oral, state the name, title, and address of any and all persons to whom the complaint was made, were present when the oral complaint was made, or who have knowledge of the oral complaint, and provide copies of any and all notes taken, or other documentation of the oral complaint;

g. If the complaint was in writing, state the name, title and address of any and all persons to whom the written complaint was addressed, or who have knowledge of the written complaint, and provide copies of any and all letters or other documentation of the written complaint; h. Whether any investigations were conducted as a result of the complaint;

i. If investigations were conducted, provide the name, title and address of the person or persons who conducted the investigation, and provide copies of any and all notes, reports, or other documentation regarding the investigation and any and all findings;

j. Whether a company policy exists with regard to inappropriate conduct towards a customer/client/patient by employees of Defendant employer;

k. If a company policy exists, please provide a copy of the entire company policy, including but not limited to disciplinary procedures against employees;

l. Whether any disciplinary action was taken against (the harasser(s)), at any time as a result of a complaint against him for inappropriate conduct;

m. If disciplinary action was taken against (the harasser(s)) as a result of his/their inappropriate conduct towards a customer client patient, provide specific details regarding what action was taken, and provide copies of any and all documentation of the disciplinary action.

n.     Please state the name, title, race, and most current address available of every employee of Defendant employer who has complained orally or in writing to Defendant employer, through its agents, Union or grievance procedures with  regard to racial harassment/discrimination or inappropriate conduct or comments of a racial harassment/discrimination nature during the relevant time period.

**ANSWER:**

11.     If your answer to the preceding Interrogatory is in the affirmative, please state:

a.     The acts or circumstances involved;

b.     The dates of their occurrence;

c.     The location of their occurrence;

d.     The names and titles of those involved;

e.     The names and titles of those responsible for investigating the acts and/or circumstances;

f.     The date and a description of action taken by management in response to the acts and/or circumstances;

g.     Whether the acts and/or circumstances continued after management's response.

**ANSWER:**

12.     Is Defendant aware of any Use of Force investigations conducted by the Sheriff or Deputies of the VCSO in the last ten years?

**ANSWER:**

13.     If your answer to the preceding Interrogatory is in the affirmative, please state:

a.     The acts or circumstances involved;

b.     The dates of their occurrence;

c.     The location of their occurrence;

d.      The names and titles of those involved;

e.      Any physical or mental injury sustained by the subject who was allegedly subjected to excessive force.

f.      The names and titles of those responsible for investigating the acts and/or circumstances;

g.      The date and a description of action taken by management in response to the acts and/or circumstances, including the date range(s) of any investigation(s);

h.      Whether the acts and/or circumstances continued after management's response.

**ANSWER:**


14.    Please provided the name, address and phone number of any person Defendant intend to call as a witness in support of its defense against Plaintiff's allegations.

**ANSWER:**


15.    Please identify any expert that Defendant have contacted regarding Plaintiff's allegations.

**ANSWER:**

Respectfully submitted this 24th day of June, 2020.

/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2020, the foregoing was served on the following by electronic mail:

Christopher J. Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS

/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White