IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>                Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>                Defendants. | |

## **PLAINTIFF JUSTIN WHITE'S FIRST SET OF INTERROGATORIES TO DEFENDANT PETER WHITE**

Comes Now Justin White, Plaintiff in the above-styled action, and propounds the attached first continuing interrogatories to Defendant Peter White in his official capacity as Sheriff of Vance County ("Defendant or Defendant Employer") pursuant to FRCP Rule 33, to be answered separately and individually under oath. Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of Sharika M. Robinson at 10230 Berkley Pl. Dr., Ste. 220 Charlotte, NC 28262 no later than thirty (30) days after electronic service of these Interrogatories.

### **INTRODUCTION AND DEFINITIONS**

1. Each Interrogatory seeks information available to Defendant, his attorneys and agents, and all persons acting on his behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to Defendant, Defendant's attorneys or investigators, insurers, agents and all other persons acting on Defendant's behalf.

2.  Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrences and events mentioned, referred to, or complained of in Plaintiff's Complaint and any amendments thereto (the "Complaint").

3.  As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's full name, home address, home telephone number, employer, profession or trade, business address, business telephone number, last four numbers of his/her social security number, place of birth, and date of birth.

4.  Where the identity of a corporation, business, partnership, hospital, medical center, clinic, institution, or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address, and its telephone number.

6.  When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive. If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

7.  In answering these Interrogatories, you are required to furnish all information available to you, including but not limited to information in the possession of your attorneys, agents, associates, relatives, and friends. If you are unable to answer any Interrogatory fully or completely, so state in your answer to that Interrogatory that you purport to be unable to answer fully or completely, state the facts

on which you rely in contending that you are unable to answer the Interrogatory fully or completely and, state the knowledge that you have concerning the unanswered portion of the Interrogatory.

8. If you maintain that any information or documentation responsive to these Interrogatories is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

a. The legal nature of the privilege or claim of confidentiality asserted;

b. The factual basis for asserting the privilege or claim of confidentiality;

c. The subject matter to which the privilege or claim of confidentiality relates;

d. With respect to a document, identify the document by subject matter, date of creation, date of distribution, and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and

e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

9. An objection that an Interrogatory is overbroad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the Interrogatory, and to respond to that portion of the discovery request which is not subject to such limitations.

10. Each Interrogatory should be deemed continuing so as to require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure. As such, you are required to supplement your answers to include information acquired after providing your answers to these Interrogatories if you obtain information upon the basis of which you know that an answer was

incorrect or incomplete when made, or you know that an answer, though correct and complete when made, is no longer true and complete and the circumstances are such that a failure to amend the answer is in substance misleading or a knowing concealment.

## INTERROGATORIES

1. Identify all employees and former employees interviewed in the course of Defendant's investigation of the allegations contained in Plaintiff's Complaint, including Defendant's investigation of such allegations prior to the filing of this lawsuit.

**ANSWER:**


2. For each person identified in the preceding Interrogatory, state:

a. Their name, address and telephone number;

b. The date, time and place he/she was interviewed;

c. The name of each person who interviewed him/her;

d. The reason he/she was interviewed;

e. The subject about which he/she was interviewed.

**ANSWER:**


3. Please identify all employee complaints of racial harassment/discrimination alleged to have taken place which defendant received notice of in last ten years and state:

a. The name and title of each employee whose conduct triggered the complaint;

b. The name and title of the employee(s) making the complaint;

c. The acts or circumstances of each complaint;

d. The date(s) of these acts or circumstances;

e. The actions taken by defendants in response to each complaint;

f. The name and title of the person responsible for investigating each complaint;

g. Management's final actions on each complaint, including a specification of all disciplinary actions taken;

h. Produce all documents reflecting your answers to subparagraphs a. through g.

**ANSWER:**


4. Please identify all employees or member of supervisory or managerial staff counseled or disciplined from 2010 through the present date in regard to racial harassment or discrimination, and state:

a. The nature and substance of the counseling or discipline;

b. The name, title and race of the employee counseled or disciplined;

c. The name, title and race of the other involved employee;

d. The date of the counseling or discipline;

e. All follow-up action by management;

f. Provide all documents reflecting your answers to subparagraphs a. through e.

**ANSWER:**


5. Please state whether Defendant employer has ever received a complaint of racial harassment/discrimination against any of its authorized agents/employees.

**ANSWER:**


6. If your answer to the preceding Interrogatory is in the affirmative, please state:

a. The name, title and race of each applicant or employee who made such a complaint;

b. The date of each complaint;

c. A description of the complaint and its basis;

d. A description of the investigation and resolution of each complaint;

e. The name, title and race of each person responsible for resolving each complaint;

f. The current employment status of each person filing the complaint.

**ANSWER:**

7. Does Defendant employer or any of Defendant employer's supervisory personnel have knowledge or indications of racial harassing statements, stereotypical comments, ridicule, or joking in the workplace?

**ANSWER:**

8. If your answer to the preceding Interrogatory is in the affirmative, please state:

a. The acts or circumstances involved;

b. The dates of their occurrence;

c. The location of their occurrence;

d. The names and titles of those involved;

e. The names and titles of those responsible for investigating the acts and/or circumstances;

f. The date and a description of action taken by management in response to the acts and/or circumstances;

g. Whether the acts and/or circumstances continued after management's response.

**ANSWER:**

9. Please state whether any employee/agent of Defendant employer has ever complained orally or in writing about racial harassment/discrimination to Defendant employer?

**ANSWER:**

10. If the answer to the preceding Interrogatory is in the affirmative, for each complaint, please state the following:

a. Where the complaint originated;

b. The date the complaint was made;

c. The name, title, if applicable, and address of the person who complained;

d. Provide details regarding what specific behavior was complained of, including the time period in which the behavior occurred;

e. Whether the complaint was oral or in writing;

f. If the complaint was oral, state the name, title, and address of any and all persons to whom the complaint was made, were present when the oral complaint was made, or who have knowledge of the oral complaint, and provide copies of any and all notes taken, or other documentation of the oral complaint;

g. If the complaint was in writing, state the name, title and address of any and all persons to whom the written complaint was addressed, or who have knowledge of the written complaint, and provide copies of any and all letters or other documentation of the written complaint;

h. Whether any investigations were conducted as a result of the complaint;

i. If investigations were conducted, provide the name, title and address of the person or persons who conducted the investigation, and provide copies of any and all notes, reports, or other documentation regarding the investigation and any and all findings;

j. Whether a company/department/office policy exists with regard to racial harassment/discrimination by employees of Defendant employer;

k. If a company policy exists, please provide a copy of the entire company policy, including but not limited to disciplinary procedures against employees for racial harassment/discrimination;

l.  Whether any disciplinary action was taken against (the harasser(s)), at any time as a result of a complaint against him/her for racial harassment/discrimination;

m.  If disciplinary action was taken against (the harasser(s)), as a result of racial harassment/discrimination or discrimination complaints, provide specific details regarding what action was taken, and provide copies of any and all documentation of the disciplinary action.

**ANSWER:**


11.  If disciplinary action was not taken against the alleged harasser as a result of a racial harassment/discrimination complaint or a complaint of any inappropriate behavior of a racial harassment/discrimination nature, provides specific details regarding why action was not taken, and provide copies of any and all documentation supporting Defendant employer's decision.

**ANSWER:**


12.  Has any EEOC claim or claim with any State Civil Rights agency ever been filed against Defendant?

**ANSWER:**


13.  If the answer to preceding Interrogatory is in the affirmative, please state with reference to each claim filed against Defendant:

a.  The name, address, sex, age, race, national origin, and religion of the person who filed the claim;

b.  The employment history with Defendant of the person who filed the claim, including job titles and dates;

c.  The date the claim was filed;

d.  A summary of the claim filed;

e. A description of all the claims filed.

**ANSWER:**

14. Has any employee or applicant for employment ever filed an internal complaint with Defendant alleging that Defendant had discriminated?

**ANSWER:**

15. If the answer to the preceding Interrogatory is in the affirmative, with reference to each complaint of discrimination please:

a. State the name, age, sex, race, national origin and religion of the person who filed the complaint;

b. State the employment history with Defendant with the person who filed a complaint, including job titles and dates;

c. State the date the Complaint was filed;

d. Describe the charges made in the Complaint;

e. Describe all actions taken on the basis of the Complaint;

f. Attach a copy or state where and when counsel may examine a copy of the Complaint;

**ANSWER:**

16. Has any employee or applicant for employment ever filed a formal Union Grievance alleging that Defendant had discriminated?

**ANSWER:**

17. If your answer to the preceding Interrogatory is in the affirmative, with reference to each such grievance, please:

a. State the name, address, sex, age, race, national origin, or religion of the person who filed the Complaint;

b. State the employment history with Defendant of the person who filed the Complaint including job titles and dates;

c. State the date the complaint was filed;

d. State the name and address of the Union;

e. Describe the bargaining units involved;

f. Describe the charges made in the grievance;

g. Describe all actions taken on the basis of the grievance;

h. Attach a copy or state when and where counsel may examine a copy of the grievance;

1. Please state whether any VCSO has ever complained orally or in writing about racial harassment/discrimination to Defendant.

**ANSWER:**


18. If the answer to the preceding Interrogatory is in the affirmative, for each complaint, please state the following:

a. Where the complaint originated;

b. The date the complaint was made;

c. The name, title, if applicable, and address of the person who complained;

d. Provide details regarding what specific behavior was complained of, including the time period in which the behavior occurred;

e. Whether the complaint was oral or in writing;

f. If the complaint was oral, state the name, title, and address of any and all persons to whom the complaint was made, were present when the oral complaint was made, or who have

knowledge of the oral complaint, and provide copies of any and all notes taken, or other documentation of the oral complaint;

g. If the complaint was in writing, state the name, title and address of any and all persons to whom the written complaint was addressed, or who have knowledge of the written complaint, and provide copies of any and all letters or other documentation of the written complaint;

h. Whether any investigations were conducted as a result of the complaint;

i. If investigations were conducted, provide the name, title and address of the person or persons who conducted the investigation, and provide copies of any and all notes, reports, or other documentation regarding the investigation and any and all findings;

j. Whether a company/department/office policy exists with regard to racial harassment/discrimination by employees of Defendant employer;

k. If a company policy exists, please provide a copy of the entire company policy, including but not limited to disciplinary procedures against employees for racial harassment/discrimination;

l. Whether any disciplinary action was taken against (the harasser(s)), at any time as a result of a complaint against him/her for racial harassment/discrimination;

m. If disciplinary action was taken against (the harasser(s)), as a result of racial harassment/discrimination or discrimination complaints, provide specific details regarding what action was taken, and provide copies of any and all documentation of the disciplinary action.

**ANSWER:**


19. Has any employee or applicant for employment ever filed a complaint with any Federal, State or Local Government Agency alleging that Defendant had discriminated?

**ANSWER:**

20. If your answer to the preceding interrogatory is in the affirmative, please state:

    a. State the name, address, sex, age, race, national origin, or religion of the person who filed the Complaint;

    b. State the employment history with Defendant of the person who filed the Complaint including job titles and dates;

    c. State the date the complaint was filed;

    d. State the name and address of the Union;

    e. Describe the bargaining units involved;

    f. Describe the charges made in the grievance;

    g. Describe all actions taken on the bases of the grievance;

**ANSWER:**


21. Has any employee or applicant for employment ever filed a lawsuit in State or Federal Court against Defendant alleging that Defendant had discriminated?

**ANSWER:**


22. If the answer to the preceding Interrogatory is in the affirmative, with reference to each complaint of discrimination please:

    a. State the name, age, sex, race, national origin and religion of the person who filed the complaint;

    b. State the employment history with Defendant with the person who filed a complaint, including job titles and dates;

    c. State the date the Complaint was filed, the Court in which the Complaint was filed, and the docket number of the lawsuit;

    d. Describe the charges made in the Complaint;

e. Please state whether the final disposition of such lawsuit, and the amount of any settlement or verdict, if any;

f. If any such lawsuit is still pending, please state the name and address of the Plaintiff's counsel;

g. Attach a copy or state where and when counsel may examine a copy of the Complaint;

**ANSWER:**


23. Please provided the name, address and policy of the bonding company that provides a bond for Defendant Sheriff White's bond pursuant to N.C. Gen. Stat. § 162-8.

**ANSWER:**


24. Please provided the name, address and phone number of any person Defendant intend to call as a witness in support of its defense against Plaintiff's allegations.

**ANSWER:**


25. Please identify any expert that Defendant have contacted regarding Plaintiff's allegations.

**ANSWER:**

Respectfully submitted this 24th day of June, 2020.

        /s/ Sharika M. Robinson_____

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, the foregoing was served on the following by electronic mail:

Christopher Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS

/s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
Counsel for Plaintiff Justin J. White