IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| **JUSTIN J. WHITE**, <br><br> **Plaintiff**, <br><br> v. <br><br> **VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE**, in his official and individual capacities, **LAWRENCE D. BULLOCK**, in his official and individual capacities, **WELDON WALLACE BULLOCK**, in his official and individual capacities. <br><br> **Defendants**. | |

## PLAINTIFF'S MOTION TO COMPEL AND SANCTION DEFENDANTS

### I. INTRODUCTION

Plaintiff, Justin White, by his attorney, Sharika M. Robinson, moves pursuant to moves this Court pursuant to FED. R. CIV. P. 33, 34, 36, and 37 for full and complete responses to Plaintiff's First Set of Interrogatories, Document Requests and Request for Admissions to Defendants (collectively "Discovery") and for an Order, compelling Defendants to promptly produce all outstanding discovery, and require and or sanction Defendants for failure to engage in mediation and otherwise communicate with Plaintiff's counsel, and in support, states as follows:

1. That on May 8, 2020, Plaintiff's counsel requested that Defendants' counsel send a more complete insurance binder.

2. Defendants' counsel did not respond to Plaintiff's May 8, 2020 email.

3. Instead on May 13, 2020, and although there was the widespread pandemic of COVID-19, Defendants' counsel sent Plaintiff's counsel a letter related to a missing wet signature on an

initial disclosure, even though there were outstanding email communications between counsel and Plaintiff's counsel and Defendants' counsel had previously communicated by email. Defendants' counsel never provided the updated

4. June 1, 2020, Plaintiff's counsel informed Defendants' counsel that in connection and response to the state of emergency that was declared by Governor Roy Cooper and the ever growing pandemic and deaths as a result thereof, Plaintiff's counsel preferred and necessitated electronic means of communication, not letters or paper documents.

5. Indeed, on June 1, 2020, Plaintiff's counsel informed Defendants' counsel that such request was made to offset the chance that Plaintiff's counsel would expose her vulnerable children to the unknown and deadly effects of COVID-19.

6. That Plaintiff's counsel also informed Defendants' counsel that due to the wake of COVID-19 that she was not in the office on a regular basis, but, similarly, working remotely as his colleagues in his office and other law offices and places of employment across the country.

7. Defendants' counsel did not respond to Plaintiff's request to communication electronically.

8. That on June 24, 2020, Plaintiff's counsel sent discovery in the form of Interrogatories, Request for Production of Documents and Request for Admissions were served on Defendants by electronic means.

9. That on June 24, 2020, Plaintiff's counsel also inquired and asked Defendants' counsel if Defendants were interested in discussing mediation as ordered by the Court.

10. Defendants' counsel did not respond to either June 24, 2020 mediation inquiry.

11. That on July 30, 2020, Plaintiff requested, by way of email addressed to Defendants' counsel, that the Answers to Interrogatories, Response to the Request for Production of Documents and Response to the Request for the Admissions be promptly supplied.

12. That Defendants' counsel failed to respond in any way to Plaintiff's request for discovery.

13. That to date, Plaintiff has not received responses to our discovery requests from any Defendants in this matter. In fact, Defendants have continued to ignore the Court's order to mediate and the Federal Rules of Civil Procedure and as a result have unreasonably rejected Plaintiff's attempt to maintain an orderly discovery process.

14. Plaintiff primarily wants answers to his discovery and other responsiveness so he can proceed with the litigation without further delay. Furthermore, Plaintiff's counsel is requesting that answers be electronically provided to account for the current pandemic and other factors. Finally, Plaintiff is seeking that Defendants comply with the Court's demand to mediate, be responsive and act with more civility towards opposing counsel.

15. Plaintiff certifies that there has been a good faith effort to resolve discovery disputes and communicate with Defendants' counsel prior to the filing of this motion and that further attempts to engage Defendants would be futile as Defendants are not responsive to Plaintiff's communications.

Respectfully submitted this 24th day of August, 2020.

    /s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff Justin J. White*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, the foregoing was served on the following by electronic mail and that Plaintiff attempted to resolve this dispute in good faith:

Christopher Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS


This, 24th day of August, 2020.

/s/ Sharika M. Robinson
SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff Justin J. White*