IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities.<br><br>        Defendants. | **DEFENDANTS' RESPONSE<br>TO PLAINTIFF'S<br>MOTION FOR LEAVE TO FILE<br>AMENDED COMPLAINT** |

NOW COME the defendants, by and through counsel, and, pursuant to Local Rules 7.1(f) and 7.2(a), file this Response to Plaintiff's Motion for Leave to File Amended Complaint (D.E. No. 32) as follows:

    1.    The Court should deny the motion to add Sheriff Curtis Brame as a defendant because he had no personal involvement in any of the events at issue and there are no allegations in the proposed amended complaint that would justify his joinder.

    2.    The Court should deny the plaintiff's motion to file an amended complaint for the reasons discussed below, including that it is unnecessary and prejudicial to the defendants and that it fails to state viable claims.

    3.    The defendants do not oppose the plaintiff's joinder of Western Surety Company as a defendant, but will leave it to the Court's discretion whether to allow it.

However, the plaintiff does not need to file an amended complaint to join Western Surety and assert a claim on the sheriff's bond.

## STATEMENT OF THE CASE

The plaintiff, who is black, was fired as a deputy sheriff by Peter White, who was then the Sheriff of Vance County and who is also black, for using excessive force on a black woman and breaking her arm. See Compl. ¶ 1 (D.E. No. 1); Answ. ¶ 1 (D.E. No. 16.)

He filed this lawsuit on October 23, 2019, and alleged 11 claims under state and federal law in connection with his brief tenure in the Vance County Sheriff's Office. See Compl. (D.E. No. 1.) The plaintiff alleged that he was subjected to a hostile work environment, racial harassment, and retaliation. (Compl. ¶ 1.) He alleged claims under 42 U.S.C. §§ 1981, 1983, and 2000e and state-law claims for breach of contract, tortious interference with employment, negligent retention and supervision, and "ratification." (Compl. ¶¶ 143-225.)

On February 26, 2020, the Court dismissed defendants Vance County and the Vance County Sheriff's Office because they were not proper parties to this lawsuit. (D.E. No. 19.) That left former sheriff White and two former senior officers as defendants.

On April 7, 2020, the Court issued a discovery scheduling order. (D.E. No. 27.) However, the plaintiff has yet to properly serve any discovery requests and no depositions have taken place. (D.E. No. 33, ¶ 8.)

The plaintiff has now moved to add two defendants: Western Surety Company, which was the surety on former Sheriff White's official bond, and Curtis Brame, the current Sheriff of Vance County. (D.E. No. 32.)

The plaintiff also seeks to file an amended complaint. (Id.) The proposed amended complaint again names the same two defendants that this Court has already dismissed – Vance

County and the Vance County Sheriff's Office. (Id.) For this reason alone, the motion to amend should be denied because the plaintiff either has been very careless in drafting the proposed amended complaint or disrespectful of the Court's previous ruling.

According to the plaintiff, the proposed amended complaint also adds five new claims. (Id.) The plaintiff does not specify in his motion which new claims he wants to add, but leaves it to the Court and the defendants to decipher this from the proposed amended complaint and a marked-up version of it purporting to show changes from the Complaint. See Doc. Nos. 32-2 (proposed amended complaint) and 32-3 (same with purported changes marked). To assist the Court, the defendants have submitted a chart showing the differences between the claims in each complaint. See **Exhibit "A"** (attached).

The plaintiff seeks to add the following claims: (1) tortious interference with prospective economic advantage (Count IX); (2) intentional infliction of emotional distress (Count X); (3) negligent infliction of emotional distress (Count XI); (4) wrongful discharge (Count XII); and (5) defamation/libel (Count XV). See Doc. No. 32-2 (proposed amended complaint), ¶¶ 235-287; see also **Exhibit "A."**

These claims are asserted under state law, but the plaintiff re-alleges the first six claims under federal law "Against All Defendants." (Emphasis added.) Thus, the plaintiff is trying to assert federal claims against the two proposed new defendants, Sheriff Brame and Western Surety, as well as the defendants who were previously dismissed, Vance County and the Vance County Sheriff's Office.[1]

---

[1] However, the six claims under federal law, which are asserted "[a]gainst [a]ll [d]efendants," cannot implicate Western Surety, which provided the official bond for former sheriff White. The sheriff's bond provides for only state-law remedies pursuant to N.C. Gen. Stat. §§ 58-76-5 and 162-8, and no case holds otherwise. But "all defendants" would include Western Surety. This is

## FACTS

The plaintiff was a Vance County sheriff's deputy from June 2017 until October 2018. (Compl. ¶¶ 1, 15.) In December 2018, two months after the plaintiff was fired, Sheriff White retired and was replaced by Curtis Brame, who is the current Sheriff of Vance County. See Curtis Brame Aff. ¶ 2 (attached as **Exhibit "B").**

The plaintiff and Sheriff Brame never served in the Vance County Sheriff's Office at the same time. (Brame Aff. ¶ 3.) Sheriff Brame does not know the plaintiff and has had no involvement with him. (Brame Aff. ¶¶ 3-5.)

The proposed amended complaint makes vague, conclusory allegations about Sheriff Brame, including that he "interfered with Mr. White's employment by continuing to report false employment information and spread the word of his pending lawsuit with the purpose of chilling Mr. White's prospective employment." (D.E. No. 32-2, ¶ 230.) However, Sheriff Brame has not made any such statement about the plaintiff and did not know of any prospective employment opportunities the plaintiff may have had. (Brame Aff. ¶¶ 4-5.) The proposed amendment complaint cites no statement that Sheriff Brame made to anyone about the plaintiff.

## ARGUMENT

1. **Sheriff Brame should not be joined as a defendant because he had no personal involvement in the events at issue and the plaintiff's allegations against him are insufficient as a matter of law to support any claims against him.**

    Sheriff Brame has had no personal involvement in any of the allegations asserted by the plaintiff, and the allegations against him are vague and conclusory and insufficient to withstand a motion to dismiss. Thus, the Court should not allow them to be added.

---

either an erroneous assertion of law or poor draftsmanship by the plaintiff, and further reason why the motion to file an amended complaint should be denied.

A complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). Rather, a " 'pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " Id. (quoting 5 Wright & Miller, Federal Practice & Procedure § 1216, pp. 235-36 (3d ed. 2004)). It "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and one that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555). A plaintiff's " 'naked assertion[s]' devoid of 'further factual enhancement' " will be insufficient as a matter of law to state a claim for relief. Id. (quoting Twombly, 550 U.S. at 557).

As stated, Sheriff Brame does not know the plaintiff and has had no involvement in any of the allegations in this lawsuit. Sheriff Brame never worked with the plaintiff at the Vance County Sheriff's Office because the plaintiff was fired two months before Sheriff Brame came into office.

The plaintiff wants to assert the first six claims of the proposed amended complaint "against all defendants," which would include Sheriff Brame. These claims are asserted under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964 and the Government Employee Rights Act of 1991).

First, the claims under 42 U.S.C. § 2000e may only be asserted against former sheriff White in his official capacity since he was the plaintiff's employer. See Sheppard v. Coleman, 2019 WL 4962589, *3 (E.D.N.C. Oct. 7, 2019) (dismissing Title VII claims against chief deputy and other senior officers because " '[s]upervisors are not liable in their individual capacities for Title VII

5

violations.' "); City and County of San Francisco v. Sheehan, 136 S. Ct. 1765, 1774 (2015) ("Only public entities are subject to Title VII." [2]). See also Crowder v. N.C. Admin. Office of Courts, 374 F. Supp. 2d 539, 545-46 (E.D.N.C. 2019) (GERA claim); Crain v. Butler, 419 F. Supp. 2d 785, 792 (E.D.N.C. 2005) (GERA claim). Thus, they clearly may not be asserted against Sheriff Brame, who was never the plaintiff's employer.

Second, the claims under Sections 1981 and 1983, and under state law, fail as alleged against Sheriff Brame because Sheriff Brame did not have any personal involvement with the allegations in the Complaint. To state a claim under Sections 1981 or 1983, a plaintiff must show that the defendant was personally involved in a deprivation of constitutional rights.

"In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section. Consequently, [a defendant] must have had personal knowledge of an involvement in the alleged deprivation of [a plaintiff's] rights in order to be liable." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (citation omitted). The same also applies to claims under 42 U.S.C. § 1981. Benjamin v. Sparks, 173 F. Supp. 3d 272, 283 (E.D.N.C. 2016) (citing cases and quoting Hawthorne v. Va. State Univ., 568 F. App'x 203, 204-05 (4th Cir. 2014) ((per curiam) (unpublished), for rule that "plaintiff must demonstrate some affirmative link to casually connect the actor with the discriminatory action.").

The same is also true under state law. A plaintiff must forecast that the defendant was personally involved in the alleged tort, and a complaint which does not show that the defendants

---

[2] A sheriff in his official capacity is considered a public entity. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

"were involved in any way" in the alleged torts fails to state an adequate claim against that defendant. Wright v. Town of Zebulon, 202 N.C. App. 540, 546, 688 S.E.2d 786, 791 n.1 (2010).

A stated, Sheriff Brame was not even in office during the plaintiff's tenure as a deputy sheriff. The first six claims are for disparate treatment, hostile work environment, and unlawful retaliation under federal law. (Compl. ¶¶ 143-92.) Sheriff Brame was not the plaintiff's employer, and so he could not have engaged in any of these torts. Thus, he would not be a proper defendant for these claims. As to the plaintiff's state-law claims, which fall under Counts VII through XI, these too fail to state a claim for relief against Sheriff Brame:

● **Count VII** is for breach of contract against the county, the "VCSO defendants," and former sheriff White. Presumably Sheriff Brame is a "VCSO defendant." Yet the plaintiff never worked for Sheriff Brame, so there can be no possible claim against him for breach of contract; no employer-employee relationship ever existed between the plaintiff and Sheriff Brame. (The same is true for all defendants, except for former sheriff White, as explained below.)

● **Count VIII** is for tortious interference with employment related opportunities. This claim is the only place where the plaintiff mentions Sheriff Brame in the proposed amended complaint. See D.E. No. 32-2, pp. 39-4, ¶¶ 227, 230.

In paragraph 227, the plaintiff alleges that Sheriff Brame, Chief Deputy Lawrence Bullock, and Captain Weldon Bullock knew that the plaintiff had a "contractual relationship" with Vance County, the Vance County Sheriff's Office, and Sheriff White (a statement that is false, as noted in a footnote below). The plaintiff alleges that they "knew of the contractual relationship and prospective opportunities" (D.E. No. 32-2, p. 39) without specifying what "opportunities" he is referring to. The plaintiff goes on to allege in paragraph 228 and 299 that these defendants discriminated against him, created a hostile work environment, retaliated against him, and "spread

7

untruths" about him. Again, all of these alleged events occurred while the plaintiff was a deputy sheriff under former sheriff White – not during Sheriff Brame's tenure. It provides no basis for joining Sheriff Brame as a defendant in the lawsuit.

In paragraph 230, the plaintiff alleges that "Sheriff Brame interfered with Mr. White's employment by continuing to report false employment information and spread the word of his pending lawsuit with the purpose of chilling Mr. White's prospective employment." (D.E. No. 32-2, p. 40.) Again, this is false – Sheriff Brame did not know the plaintiff, did not know he was filing a lawsuit, did not report any information about him, let alone false information, and did not discuss the plaintiff's job prospects with anyone because he did not know about them. (Brame Aff. ¶¶ 3-5.) If the plaintiff is referring to the fact that he was fired and that there was an internal investigation concerning his firing, and that this was reported in writing to a state agency by former sheriff White as required by law, this statement is true, not false, and it was done by former sheriff White, not Sheriff Brame. See Brame Aff. ¶ 5 and **Exhibit "C."** It thus provides no basis for a claim against Sheriff Brame.

● **Count IX** is for tortious interference with prospective economic advantage "against the individual defendants." The plaintiff alleges that he tried to enter into an employment contract with other law enforcement agencies but was unable to do so because of the defendants' actions, yet the plaintiff does not specify any action of Sheriff Brame, or of any other defendant for that matter. If the plaintiff believes that his lawsuit prevented him from being hired by another agency, he has only himself to blame because he filed the lawsuit and it is a matter of public record that any prospective employer conducting a due-diligence on a prospective employee would learn from searching publicly available court records such as those found on Pacer. The plaintiff offers no

other statement that Sheriff Brame (or any other defendant, for that matter) made that would support this claim, and it would be subject to dismissal immediately.

- **Counts X and XI** are for intentional and negligent infliction of emotional distress, respectively, and also alleged against the individual defendants. The allegations relate to events that occurred while the plaintiff served under former sheriff White and thus fail to state claims against Sheriff Brame.

- **Counts XII, XIII, and XIV** in the proposed amended complaint are not asserted against Sheriff Brame and are discussed as to the other defendants below.

- **Count XV** is for defamation/libel against all defendants, but it also fails as a matter of law. The plaintiff claims that former sheriff White's Report of Separation Form F-5 to the North Carolina Department of Justice's Sheriffs' Standards Division constitutes defamation or libel, but that cannot support a claim against Sheriff Brame.

Former Sheriff White accurately reported to a state agency, as he was required by law to do, that he terminated the plaintiff's appointment and that there existed a "substantiated internal investigation regarding" the plaintiff. See **Exhibit "C"** (also filed as Doc. No. 15-3 on Dec. 30, 2019). These facts are not in dispute. Even the plaintiff admits this. See Compl. ¶¶ 1, 129. The plaintiff may not have wanted former sheriff White to substantiate the investigation, but he did, and that is why he fired the plaintiff. Nothing in the form supports a claim for defamation against any defendant, but there is also nothing that would support a claim against Sheriff Brame, who had nothing to do with the investigation or the required filing of this form.

Truth is also a defense to any claim for defamation. Taube v. Hooper, 840 S.E.2d 313, 319 (N.C. Ct. App. 2020). The plaintiff claims in paragraph 285 and 286 that he did not use excessive force and that any report stating that he did is defamatory, yet he offers no evidence that this F-5

9

form says anything defamatory or libelous, offers no statements made by any defendant to support this claim, and does not even say whether employers learned this information from the defendants or from the state. Thus, this claim is insufficient as a matter of law. The F-5 form does not even say the plaintiff used excessive force. See Exhibit C.

In sum, the proposed amended complaint lacks any specific allegations that would support a claim against Sheriff Brame and does not attribute any statements or actions to him. Even if the plaintiff had, for example, alleged that Sheriff Brame told a prospective employer that the plaintiff had filed a lawsuit, this fact is a matter of public record, which any employer could discover on its own through due diligence. Moreover, it is not defamatory. The same is true about the fact that the plaintiff was fired for using excessive force against a black woman; this is contained in the pleadings of this lawsuit. See Defs.' Answ. ¶ 1. Not only does the proposed amended complaint fail to make such allegations, but the fact remains that Sheriff Brame did not have any contact with any prospective employer of the plaintiff's. See Brame Aff ¶¶ 4-5. Thus, Sheriff Brame is not a proper party here and should not be added as a defendant.

2.     **For various reasons, the Court should deny the plaintiff's motion to file an amended complaint.**

The Court should deny the plaintiff's motion to file an amended complaint for several reasons, including the plaintiff's undue delay in seeking to bring claims of which he knew and should have brought when he filed the complaint; the prejudice that would result to the parties, including one, Sheriff Brame, who has no involvement with this case and should not be named as a defendant in a federal lawsuit; and the futility of the claims the plaintiff seeks to bring and which would be subject to dismissal immediately.

A court may deny a motion to amend for "undue delay, bad faith, or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of the amendment, etc. . . . " Davis v. Piper Aircraft Corp., 615 F. 2d 606, 613 (4th Cir. 1980).

First, as discussed above, Sheriff Brame should not be joined as a defendant, and so if the plaintiff seeks to file an amended complaint to assert claims against him, that is a reason why the amended complaint should be denied, as discussed above.  Second, as explained below, if the plaintiff wishes to file an amended complaint to assert a claim against the surety, that is unnecessary because joinder of the surety, without the filing of an amended complaint, will accomplish this objective.  Third, the proposed new claims against the defendants are insufficient as a matter of law, or were known to the plaintiff at the time he filed this lawsuit and therefore it would be prejudicial to the defendants for the plaintiff to add them now.

a. **Claim against surety bond.**

The plaintiff states that the surety is required to be joined in an action against the sheriff (Pl.'s Brf., pp. 3, 8), but this is incorrect.  The surety must be joined only if the plaintiff wants to assert a claim on the bond.  But – as the plaintiff did when he filed this lawsuit – a plaintiff is not required to assert a surety bond claim.

North Carolina law provides "two ways for a sheriff to be sued in his official capacity[.]" Myers v. Bryant, 188 N.C. App. 585, 88, 655 S.E.2d 882, 885 (2008).  Under N.C. Gen. Stat. § 58-76-5, a plaintiff can "sue a sheriff and the surety on his official bond" for acts of " 'neglect, misconduct, or misbehavior in office.' " Id. (quoting statute).  Under N.C. Gen. Stat. § 153A-435, a plaintiff can also sue a sheriff to recover against any liability insurance that may have been purchased for the sheriff for tortious acts of the sheriff or his officers.  Id.  These methods of using a sheriff or his officers are complementary, and a plaintiff can choose either method or both.  Id.

11

In the case at bar, the plaintiff chose one method but now wants to add the second method, at least against former sheriff White. However, the plaintiff does not propose to join Sheriff Brame's surety even if Sheriff Brame is joined as a defendant. The plaintiff proposes only to add Western Surety, which provided the bond for former sheriff White. See **Exhibit "D"** (Western Surety bond and letter about same). The claims the plaintiff proposes to assert against Sheriff Brame could not implicate former sheriff White's bond from Western Surety because that bond covered only former sheriff White during his term in office, which ended on November 30, 2018. See id. Thus, the plaintiff's choice not to join Sheriff Brame's bond undermines his argument that the surety must be joined as a defendant.

Second, the plaintiff states that he did not know the identity of the surety and that the defendants hid its identity. This is false. The identity of the surety is a matter of public record, and the defendants could not have hidden the identity even if they had wanted to (and they did not).[3] The plaintiff learned of the identity of the surety because the defendants provided a copy of the bond to the plaintiff without even being asked in a discovery request to do so. See id.

The defendants do not oppose the joinder of the surety, but this Court does not have to allow the surety to be joined. In Mellon v. Prosser, 347 N.C. 568, 494 S.E.2d 763 (1998), the North Carolina Supreme Court adopted the dissenting of opinion of Judge Wynn from the court below in which Judge Wynn rejected the plaintiff's claim "that he was unable to name the surety

---

[3] These are not the only incorrect or false statements the plaintiff has made. The plaintiff also asserts that the defendants "contend" that the plaintiff had an employment contract with Sheriff White. See footnote 3, page 38, of proposed amended complaint (D.E. No. 32-2). This too is false. Paragraph 15 of the Defendants' Answer states: "It is further denied that he [plaintiff] was given an employment contract[.]" As a deputy sheriff, the plaintiff was, under North Carolina law, an at-will employee. Jenkins v. Medford, 119 F.3d 1156, 1163 (4th Cir. 1997). The Court should consider these statements in determining whether the plaintiff's motion has been brought in good faith and with candor toward the tribunal.

12

Case 5:19-cv-00467-BO   Document 40   Filed 08/27/20   Page 12 of 18

at the time the complaint was filed and that the surety could only be added after discovery." Mellon v. Prosser, 126 N.C. App. 620, 624, 486 S.E.2d 439, 442 (1997) (Wynn, J. dissenting). Judge Wynn emphasized that the plaintiff had <u>five months</u> to learn the name of the surety and addressed the plaintiff's claim that he did not know the surety's identity:

> That explanation defies the common knowledge that the name of a sheriff's surety is a matter of public record and therefore should be easily discoverable. N.C. Gen. Stat. § 162-8 (1994) requires the sheriff to furnish a bond payable to the State of North Carolina. N.C. Gen. Stat. § 58-72-50 (1994) requires that the bond be deposited with the clerk of superior court. . . . Since the name of the surety <u>could have been determined rather easily</u>, it would not have been a hardship for plaintiff to find out that information and amend his complaint joining the surety as a party. . . .
> [W]hile we permit the liberal amendment of actions . . . to do so in this case amounts to an abuse of the system. Since the name of a sheriff's surety is easily discoverable, absent some compelling reason why the complaint was not amended prior to the denying of the motion to dismiss, I would not allow an amendment of this action at this time.

Id. at 624-25, 486 S.E.2d at 442-43 (Wynn, J., dissenting) (emphasis added).

Here, the plaintiff has no explanation for why he did not obtain the name of the surety from the Vance County Clerk of Court, or why he did not seek its identity through a public records request to the Sheriff prior to the lawsuit, or even in a properly-served discovery request to the defendants, even though he has had nearly 10 months – double the amount of time in Mellon – to do so. The plaintiff now wants to join the surety, and the defendants do not object to this, but the Court is free to deny this motion. However, the plaintiff should not be rewarded for ineptitude, inaction, and disingenuousness. Thus, the Court should deny the plaintiff's motion to file an amended complaint.

By joining the surety, the plaintiff will still be able to make a claim on former sheriff White's bond under the existing Complaint because the state-law claims the plaintiff has already

13

asserted are encompassed by the bond. White v. Cochran, 229 N.C. App. 183, 190-92, 748 S.E.2d 334, 340-41 (2013). An amended complaint is thus unnecessary to assert a bond claim. North Carolina courts have construed a bond claim under Section 58-76-5 as covering "all official duties of the office" of sheriff under state law. Id. at 191, 748 S.E.2d at 340. This includes employment-related tort claims, such as wrongful discharge and retaliation. Id. at 191-92, 748 S.E.2d at 340-41. In White, for example, a former sheriff's officer sued the sheriff for retaliatory discharge. Id. at 185, 748 S.E.2d at 336. Thus, as long as the plaintiff joins the surety as a defendant, the plaintiff can recover for his existing claims against the bond.[4]

In the alternative, the plaintiff could file an amendment to the Complaint that would add a specific claim against the bond, even though, as White shows, this is not necessary and the proposed amended complaint does not even state a separate bond claim.

### b. New claims against existing defendants.

The plaintiff proposes to add new claims against the current defendants. These new claims are for tortious interference with prospective economic advantage (Count IX), intentional and negligent infliction of emotional distress (Counts X and XI), wrongful discharge (Count XII), and defamation/libel (Count XV). Allowing the plaintiff to file an amended complaint would be prejudicial to the defendants and improper, and the defendants will address each claim below.

● **Count IX** is for tortious interference with prospective economic advantage "against the individual defendants." The plaintiff alleges that he tried to enter into an employment contract with other law enforcement agencies but was unable to do so because of the defendants' actions,

---

[4] Any recovery against the bond is limited to the amount of the bond. Id. at 588, 655 S.E.2d at 886; Hill v. Medford, 357 N.C. 650, 588 S.E.2d 467 (2003) (adopting dissenting opinion of Martin, J., in Hill v. Medford, 158 N.C. App. 618, 623, 582 S.E.2d 325, 328-29 (2003)). See also Russ v. Causey, 732 F. Supp. 2d 589, 611 (E.D.N.C. 2010).

14

yet the plaintiff does not specify any action of any other defendant to support this claim. Moreover, the three existing defendants – former sheriff White, Lawrence Bullock, and Weldon Bullock – are retired and thus have no official role with the Vance County Sheriff's Office. (Answ. ¶¶ 10-12.) Thus, they were not in a position to offer any official reference for possible employers of the plaintiff's, and the plaintiff offers no evidence otherwise.

Further, as noted above, if the plaintiff believes that his lawsuit prevented him from being hired by another agency, he has only himself to blame because he filed the lawsuit and it is a matter of public record that any prospective employer conducting a due-diligence on a prospective employee would learn from searching publicly available court records such as those found on Pacer. The plaintiff offers no other statement that any other defendant made that would support this claim, and it would be subject to dismissal immediately.

● **Counts X and XI** are for intentional and negligent infliction of emotional distress, respectively. The plaintiff knew when he filed this lawsuit that he had these claims, yet chose not to bring them. He should not be allowed to assert these claims now.[5]

● **Count XII** is for wrongful discharge and is asserted against "Individual Defendants Sheriff White and Chief Deputy Bullock." First, only former sheriff White would be a proper party on such a claim because he is the only defendant the plaintiff ever worked for and thus only he, not the chief deputy or other officers, could have fired the plaintiff. " 'N.C. Gen. Stat. § 153A-103 provides that each sheriff 'has the exclusive right to hire, discharge, and supervise the employees in his office.' This authority may not be delegated to another person or entity. N.C. Gen. Stat. § 162-24 (2000)." Little v. Smith, 114 F. Supp. 2d 437 (W.D.N.C. 2000). Second, the

---

[5] The defendants note that the plaintiff made no expert witness disclosures prior to the deadline for making such disclosures, and an expert would be necessary to establish that the plaintiff is suffering from severe emotional distress.

plaintiff knew he had this claim when he filed this lawsuit, and he should have brought it then. Yet he has waited 10 months to assert this basic claim. The plaintiff should not be allowed to wait 10 months and spring this claim on the defendants now when he could have brought it originally.

- **Count XV** is for defamation/libel. The same analysis discussed for Sheriff Brame, above, applies here. The plaintiff offers no allegations that would support this claim. He cites no statement that would support this claim. If he was referring to the F-5 form that was filed with the state, the plaintiff knew he had this claim when he filed this lawsuit. And the form itself is not defamatory, but true. Thus, the plaintiff should not be allowed to add this claim now.

Finally, if the proposed 47-page amended complaint is allowed, the defendants will again have to file an answer on behalf of not only the individual defendants, but also defendants Vance County and the Vance County Sheriff's Office, both of which were already dismissed from this action. The defendants also will again file a motion to dismiss said defendants, and the Court again will have to rule on such a motion. This, as well as answering each allegation in a new complaint, will create unnecessary work for all concerned.

The plaintiff should not be allowed at this late juncture to assert these new state-law claims against the other defendants. The plaintiff knew when he filed the complaint whether he had enough evidence to proceed on these claims, all of which relate to his employment prior to being fired, yet he chose to wait 10 months, and now, without having conducted any discovery or offered any evidence to support these mere allegations, he seeks to amend the complaint to add them. This is prejudicial to the defendants, especially given that most of the discovery period has elapsed.

By allowing the plaintiff to file his proposed amended complaint, the chief purposes of which are to assert a bond claim and to join a defendant (Sheriff Brame) who has no involvement in this case, and to assert claims the plaintiff should have asserted at the outset of this case, the

Court will not only reward the plaintiff for his behavior but also create unnecessary work for all involved. Thus, the Court should deny this motion to file an amended complaint.

3. **The defendants do not oppose the plaintiff's joinder of Western Surety Company as a defendant, but will leave it to the Court's discretion whether to allow it.**

As stated above, the plaintiff does not need to file an amended complaint to state a claim against former Sheriff White's official bond from Western Surety, but the defendants will leave it to the Court's discretion as to whether allow this joinder.

## CONCLUSION

For the reasons and authorities cited herein, the defendant respectfully requests that the plaintiff's motion to add Sheriff Brame as a defendant be denied, that the plaintiff's motion for leave to file an amended complaint be denied, and that the Court determine within its discretion whether the plaintiff should be allowed to join Western Surety Company as a defendant.

Respectfully submitted, this the 27th day of August, 2020.

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
N.C. State Bar No. 25523
ERIN H. EPLEY
N.C. State Bar. No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
Erin.Epley@wbd-us.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on August 27, 2020, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participant:

Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: 704-561-6771
Facsimile: 704-561-6773
srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiff*

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS, NC State Bar No. 25534
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants*