IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| **JUSTIN J. WHITE**,<br><br>            **Plaintiff**,<br><br>v.<br><br>**VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE**, in his official and individual capacities, **LAWRENCE D. BULLOCK**, in his official and individual capacities, **WELDON WALLACE BULLOCK**, in his official and individual capacities.<br><br>            **Defendants**. | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED RESPONSE/ PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND SANCTION DEFENDANTS

Plaintiff, Justin White, by his undersigned counsel, hereby respectfully submits this Motion to Strike Defendants' Amended Response, and in the alternative, Reply Memorandum in Support of his Motion to Compel Defendant to fully respond to plaintiff's First Set of Interrogatories, Document Requests and Request for Admissions to Defendants (collectively "Discovery") and sanction Defendants. This memo sets forth the basis for an Order striking Defendants' filing and sanctioning their behavior.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to order stricken from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts have held that motions are not pleadings. "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a sur-reply filed without leave of

court.'" *Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d at 1184 (*citing In re Hopkins*, 162 F.3d 1173, 1998 WL 704710, *3 n.6 (10th Cir. 1998)).

Defendants' Response is a document to be stricken because it: 1) mischaracterizes the facts, 2) adds no relevant value, and 3) is untimely.

Defendants primarily contend that because Plaintiff served a deposition notice by fax and mail that Plaintiff is selecting when to abide by the Federal Rules of Civil Procedure (the "Rules") and when not to. Defendants' contention is untrue.

Defendants are playing an irresponsible and inconsiderate game during a time in which people's lives, health and safety are at risk. Plaintiff served Defendants by mail because Plaintiff has a duty and obligation to obtain information in support of his claims. Plaintiff cannot sit around and hope that Defendants will act with more respect. Plaintiff was forced to serve in the manner in which Defendants have implicitly expressed. Plaintiff rose above and continues to exhibit a manner of professionalism even though Defendants have been unreasonable throughout the litigation and exhibit a disregard to Plaintiff's and other citizen's safety, even young children.

Good-faith requires the strict observance of health expectations as outlined by the Center for Disease Control. Since Plaintiff's initial request to minimize hand-on contact with litigation materials, the current president of the United States has contracted COVID-19. Moreover, Plaintiff's attorney has clients who have caught the deadly virus, which exacerbates the need to avoid the many ways the virus can spread. Plaintiff's attorney is not asking Defendant's attorney to do anything that she isn't willing to do herself; for example, Defendant's counsel requested a virtual contact when convenient for him and Plaintiff's attorney complied. And at the same time, he refuses to comply with Plaintiff's requests for the same, specifically ignoring Plaintiff's requests for meeting dates that work for him and his clients for electronic depositions. Plaintiff's request is of mutual benefit for both Plaintiff and Defendant as he elderly clients whom are members of a high-risk population. Defendant's Counsel's conduct not only   stifles and frustrates the litigation process, but undermines public health.

As an example of Defendants' behavior, Defendants still refuse to abide by the Rules and communicate with Plaintiff in his requested method of communication. Defendants are well aware of the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure that consent in writing is a prerequisite for service via electronic means. Plaintiff—himself—has made that request (in writing) on numerous instances and even informed Defendants as to reasons why the request was made. Defendants have made a contentious decision to refuse to honor the Rules and respond to Plaintiff's request for email communications and continue to send pertinent communications through the mail—although they were responding by email before.

Defendants also continue to refuse to meet and confer. Defendants continue to refuse to provide dates that they can meet and confer or for other discovery. Defendants have been unreasonably difficult for the sole purpose of leveraging and interfering with the progression of this litigation. Being so unreasonable during this climate is more than a lack of collegiality; it is a mockery of the profession and current COVID-19 pandemic.

Defendants' actions are a poor reflection of litigation, basic decency and especially egregious to women and women in this profession, as Defendants' counsel is attempting to leverage the plight of women who oppose him and practice law. Such insensitive behavior is indicative of a pattern of disregard for the dignity of womanhood in the profession—along with the many hats that women in the wear. This conduct is in direct opposition of the ideals of decency and inclusivity this profession has set out to achieve.

Furthermore, Defendants have been served properly with discovery requests. Under Rule 5 of the Federal Rules of Civil Procedure, "A paper is served under this rule by: . . . sending it to a registered user by filing it with the court's electronic-filing system OR sending it by other electronic means that the person consented to in writing . . . ." *Id*. (emphasis added). Plaintiff filed discovery requests through ECF and served Defendant by ECF, not any "other electronic means" that requires written consent. Defendants have yet to respond and their time to do so has expired.

True, there is authority that stands for the proposition that registration with ECF does not mean that a party consents to other types of "other electronic means". But service through ECF is service and does not fall under the "other electronic means". *See generally Fox v. Am. Airlines, Inc.*, 295 F. Supp. 2d 56, 2003 U.S. Dist. LEXIS 22371 (D.D.C. 2003), aff'd, 389 F.3d 1291, 363 U.S. App. D.C. 459, 2004 U.S. App. LEXIS 24651 (D.C. Cir. 2004). Local Rule 5.1(b) even provides support for the contention that Discovery has been served: "Only an attorney who is registered in CM/ECF may file documents electronically. Registration constitutes written consent to service of all documents by electronic means as provided by the Federal Rules of Civil Procedure and the Policy Manual." *Id*. Plaintiff attempted to open the dialogue with Defendants about the matter. Defendants again ignored Plaintiff.

In addition, Defendants were served by electronic means even prior to ECF service. Plaintiff emailed Defendants his Discovery. Defendants printed off Plaintiff's emailed Discovery. Defendants then drafted a letter to Plaintiff identifying said Discovery. Defendants mailed Plaintiff a copy of that Discovery along with receipt of those requests in their letter. Now, Defendants say that they have not been served with Discovery. Defendants' interpretation of the statute leads to an absurd result.

As a parallel the North Carolina in *Washington v. Cline*, 750 S.E.2d 843 (2013) rejected such absurdity under the more stringent requirements of Rule 4 of the North Carolina Rules of Civil Procedure, a that is more stringent and incorporated into these Rules. There, the *Washington* Court reasoned that "the crucial inquiry is whether addressees received the summons and complaint, not who physically handed the summons and complaint to the addressee." *Id*. Service under Rule 4 more than satisfies service under Rule 5.

Service has been effectuated and Defendants are estopped from asserting insufficient service of process. Defendants have purposefully interfered with proper service of documents, by their refusal to respond to Plaintiff when Plaintiff with the hope that they can runout the discovery timeline. Equity demands that Defendants not be allowed to capitalize off of such actions.

Even if Defendants had a reason to file updated Response, it is untimely.  Defendants are not entitled to expand its responsive arguments at this stage.

For the reasons identified above, Justin White requests the above-stated relief and an order that directs Defendants to behave reasonably.

Respectfully submitted this 8th day of October 2020.


   /s/ Sharika M. Robinson

SHARIKA M. ROBINSON,
North Carolina Bar No.: 44750
THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
*Counsel for Plaintiff Justin J. White*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2020, the foregoing was served on the following by electronic mail:

Christopher Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS

This, 8th day of October 2020.

        /s/ Sharika M. Robinson
        SHARIKA M. ROBINSON,
        North Carolina Bar No.: 44750
        The Law Offices of Sharika M. Robinson, PLLC
        10230 Berkeley Place Drive, Suite 220
        Charlotte, NC 28262
        Telephone: (704) 561 6771
        Telefax: (704) 561-6773
        srobinson@sharikamrobinsonlaw.com
        *Counsel for Plaintiff Justin J. White*