IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VANCE COUNTY, NORTH CAROLINA; )<br>VANCE COUNTY SHERIFF'S OFFICE; )<br>PETER WHITE, in his official and individual )<br>capacities; LAWRENCE D. BULLOCK, in his )<br>official and individual capacities; )<br>WELDON WALLACE BULLOCK, in his )<br>official and individual capacities, )<br>)<br>Defendants. )<br>) | **DEFENDANTS'**<br>**RESPONSE TO PLAINTIFF'S**<br>**MOTION TO STRIKE**<br>**(D.E. No. 46)** |

NOW COME the defendants, by and through counsel and pursuant to Local Rule 7.1(f), and ask that the Court deny "Plaintiff's Motion to Strike Defendants' Amended Response."[1] (Doc. No. 46.)

The plaintiff states that "Defendants' Response . . . 1) mischaracterizes the facts, 2) adds no relevant value, and 3) is untimely." (Pl.'s Brf., p. 2.) However, the plaintiff cites no fact that is mischaracterized. The only fact cited by the defendants in their submission

---

[1] The plaintiff also styles the document as "Plaintiff's Reply Memorandum in Support of Motion to Compel and Sanction Defendants." However, if it is a reply, it is untimely. A reply must be filed "within 14 days after service of the response, unless otherwise ordered by the court." L.R. 7.1(g). The defendants filed their response on September 14, 2020 (D.E.42), and the plaintiff filed this document on October 8, 2020 (D.E. No. 46).

1

is that the plaintiff served deposition notices by mail. This fact is relevant because it undermines the plaintiff's purported reasons for not serving discovery requests by mail, which is the basis for the plaintiff's original motion for sanctions.

Finally, the defendants' filing is not untimely because it was filed as soon as this fact came to light, which is why it was styled as an amended response, not simply a response that would have had to be have been filed within 21 days; it contains new information. The defendants did not know when they filed their response on September 14 that the plaintiffs would mail deposition notices. The defendants alerted the Court within two business days of learning this. See Doc. 45-1. The defendants brought this to the Court's attention right away and only when they learned of a fact helpful to the Court's analysis of a serious matter, which is the plaintiff's motion for sanctions.

The defendants' submission shows that either the plaintiff (1) knows the discovery requests were served improperly and did not want to make that error again or (2) chooses which rules of service to follow.

With this motion, the plaintiff seeks to preclude this Court from considering this evidence. The plaintiff cites Rule 12(f), which allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," but cites no reason why the defendants' submission fits any of the requirements of this rule. The plaintiff does not dispute the accuracy of the defendants' submission.

The plaintiff states that, as to the deposition notices, he "served Defendants by mail because Plaintiff has a duty and obligation to obtain information in support of his claims"

2

(Pl.'s Brf., p. 2), yet this is inconsistent with the plaintiff's insistence that the discovery requests could be served by email only.

The plaintiff also says that he "was forced to serve in the manner in which Defendants implicitly expressed," but the plaintiff did not apply this reasoning to his discovery requests. The defendants were also explicit about their request that the plaintiff abide by the rules in serving the discovery requests.

The plaintiff states: "As an example of Defendants' behavior, Defendants still refuse to abide by the Rules and communicate with Plaintiff in his requested method of communication." (Pl.'s Brf., p. 3.) Yet the plaintiff cites no rule that the defendants have violated. Nor is there any rule that the defendants must "communicate with Plaintiff in his requested method of communication." If this were a rule, it would apply equally to the defendants' requested method of communication.

The plaintiff also asserts that Rule 5(b)(2)(E) allows him to serve discovery requests by filing them with the Court. But Local Rule 26.1(a) says that discovery requests and answers should not be filed this way. The rule, which is entitled "Discovery Materials Not to Be Filed Unless Otherwise Ordered or Needed," says: "Discovery materials, including but not limited to . . . interrogatories, requests for documents, [and] notices to take a deposition are not to be filed unless by order of the court or for use in the proceedings. All such papers must be served on other counsel or parties entitled to service of papers[.]"

The federal courts in North Carolina do not permit service of discovery requests by filing them with the court. See, e.g., Hanson v. Owens, 2015 WL 3650902, *3 (E.D.N.C. June 11, 2015) ("The court informs Hanson that discovery materials, including requests for

documents, are not to be filed with the court unless by court order or for use in the proceedings, such as to support a motion to compel. Local Rule 26.1(a). Thus, Hanson will need to submit any discovery requests directly to counsel for defendant."); Ben-Levi v. Harris, 2016 WL 8997396, *4 (E.D.N.C. Aug. 16, 2016) ("Any future discovery requests from Ben-Levi shall be mailed to the attorney for the Defendants and not filed with the court[.]"); Reeves v. Ransom, 2011 WL4549144, *10 (M.D.N.C. Sept. 29, 2011) (stating that filing discovery requests with court was improper and ordering that they be stricken from the docket); Torres v. FNU Davis, 2019 WL 1332378, *6 (W.D.N.C. Mar. 25, 2019) ("Moreover, routine discovery requests should not be filed with the Court. . . . Plaintiff is instructed to acquaint himself with the Federal Rules of Civil Procedure.").

The plaintiff wishes to carve out his own rule to allow service by electronic means without asking for the defendants' consent. The plaintiff writes that "Plaintiff—himself—has made that request (in writing) on numerous instances," but cites no such example of this. (Pl.'s Brf., p. 3.) The defendants are unaware of any such request by the plaintiff. Nonetheless, going forward, even though the plaintiff has not specifically asked for their consent, the defendants will consent to service of documents by electronic means if and when the plaintiff asks.

The plaintiff also claims that "Defendants also continue to refuse to meet and confer." (Pl.'s Brf., p. 3.) However, the plaintiff cites no example of this. The defendants have never been asked to meet and confer about anything since the parties conferred earlier this year to draft a discovery scheduling order, without success, and were forced to file

4

their own proposed plan.  See Doc. 21.  The defendants are unaware of any other request from the plaintiff to meet and confer about any other matter.

For the above reasons, the plaintiff's motion to strike should be denied.

Respectfully submitted, this 20 day of October, 2020.

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
N.C. State Bar No. 25523
ERIN H. EPLEY
N.C. State Bar No. 50690
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone:  (336) 721-3600
Facsimile:   (336) 721-3660
Email: Chris.Geis@wbd-us.com
            Erin.Epley@wbd-us.com
*Attorneys for defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on October 20, 2020, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participant:

Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: 704-561-6771
Facsimile: 704-561-6773
*Attorney for Plaintiff*

/s/ Christopher J. Geis
Christopher J. Geis
N.C. State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for defendants*