IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00467-BO

**Justin J. White**,

    Plaintiff,

v.

**Vance County, North Carolina**, et al.,

    Defendants.

**Order**

    In the latest of a series of acrimonious filings from both parties, Plaintiff Justin J. White asks the court to strike an amended response memorandum filed by Defendants. D.E. 46. White claims that Rule 12(f) allows the court to take this action. But that rule only applies to pleadings, and the document at issue is not one. So White's motion is denied.

    Rule 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By its terms, this rule is limited to pleadings, a word that has a specific definition under the federal rules. Only seven kinds of documents qualify as pleadings:

1. a complaint;
2. an answer to a complaint;
3. an answer to a counterclaim designated as a counterclaim;
4. an answer to a crossclaim;
5. a third-party complaint;
6. an answer to a third-party complaint; and
7. if the court orders one, a reply to an answer.

*Id.* 7(a).

    All other documents are motions or other papers. *See id.* 7(b). Other portions of the federal rules reflect this distinction. *See, e.g.*, Fed. R. Civ. P. 5 (entitled "Serving and Filing Pleadings and

Other Papers"); 5.1(a) ("A party that files a pleading, written motion, or other paper. . ."); 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record[.]"); 11(b) ("By presenting to the court a pleading, written motion, or other paper[.]"); 12(c) (allowing a motion for judgment on the pleadings "[a]fter the pleadings are closed[.]"). Thus, Rule 12(f) does not provide a mechanism to strike a motion or other paper.

But even if it did, the court would not strike the amended response. White advances three reasons why the pleading is improper. The first two reasons allege that the amended response "mischaracterizes the facts" and "adds no relevant value." Mot. at 2. Factual disputes and differing opinions about the weight a court should give to a filing are a regular feature of civil litigation. If these were valid grounds to strike a filing, the court's docket would undoubtedly be overflowing with motions to strike. And the court is not persuaded that the amended filing is untimely. The amended filing was based on information obtained after the initial timely filing that defense counsel thought to be relevant.

When, as here, the relationship between counsel has deteriorated into constant accusations and recriminations, the filing of one motion to strike often leads to the filing of retaliatory motions to strike. The court has recently expressed its displeasure with such practices. *See* Order Denying Motion to Strike, *Dudley* v. *City of Kinston*, No. 4:18-CV-00072-D (E.D.N.C. Oct. 16, 2020), D.E. 142. It is the court's expectation that the parties will not engage in this unseemly practice.

White's motion to strike (D.E. 46) is denied.

Dated: October 22, 2020

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge