IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00467-BO

**Justin J. White**,

    Plaintiff,

v.

**Vance County, North Carolina**, et al.,

    Defendants.

**Order**

    The parties come to the court because they cannot agree on the proper way to serve discovery during a global pandemic. Plaintiff's counsel complains that Defense counsel has unreasonably refused to accept service of discovery by email and, instead, requires that she serve him by United States mail. Plaintiff's counsel is reticent to use the mail because she believes it increases the chance that she will be exposed to the coronavirus. And since she lives with a child that has a compromised immune system, this is a risk she is not willing to take. Yet each time she sends a discovery request to opposing counsel through email, she receives an objection that the service was improper because he had not consented to service by electronic means. She asks the court to rule that she has properly served Defendants, compel them to respond, and sanction defense counsel.

    Rule 5 governs the service of filings and other papers. The rule allows for a few modes of service, but only electronic service is at issue here. With respect to that method of service, proper service involves "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing[.]" Fed. R. Civ. P. 5(b)(2)(E).

The rule is clear. To properly serve someone by email, the intended recipient must first consent to be served in that manner. Defense counsel has not consented to be served by email, so Plaintiff's counsel's attempts at service in that manner are insufficient.

With respect to service through the CM/ECF system, according to the Advisory Committee Notes, this method of service is proper "unless the court provides otherwise." Fed. R. Civ. P. 5(b) advisory committee's note to 2018 amendment. In this court, parties are not allowed to file discovery materials on the CM/ECF system unless ordered to do so by the court or as an exhibit. Local Rule 26.1(a). So Plaintiff's counsel's attempts at service by filing discovery requests on the CM/ECF system are also insufficient. The motion to compel and request for sanctions (D.E. 38) are denied.

While Defendants may prevail on this motion, there are no winners here. A review of the docket reveals that it is littered with attacks from both sides impugning opposing counsel's ethics, morality, and competency. This dispute—which, again, is about whether Defense counsel should accommodate a request intended to minimize the chance that Plaintiff's counsel's immunocompromised child is infected with an easily transmittable and deadly disease—is a result of a complete breakdown in the professional relationship between opposing counsel.

Certainly there is no pandemic exception to the federal rules. But this dispute involves an issue where counsel have discretion about how they wish to conduct themselves and conduct litigation. The federal rules are supposed to be "construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). That is not happening here.

Accommodating reasonable requests from and acting collegially towards opposing counsel is not a sign of weakness or a betrayal of a client's interests. To the contrary, "[e]ffective advocacy

2

Case 5:19-cv-00467-BO   Document 49   Filed 10/23/20   Page 2 of 3

is consistent with — and indeed depends upon — cooperative and proportional use of procedure." Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

This case should be about the facts and the law, not the attorneys' dislike for one another. The court orders that counsel shall not engage in further personal attacks of opposing counsel, either in filings with the court or other aspects of this litigation. Failure to comply with this order may result in the imposition of sanctions, including the initiation of contempt proceedings and referral to the court's attorney discipline process.

It is also obvious that the court needs to have a larger role in discovery in this case than in most. Rule 26 provides the court with broad authority over the way discovery is to occur. *See* Fed. R. Civ. P. 26(a)(1)(D). Thus, the court orders that White's discovery requests that have been emailed to Defense counsel are deemed served as of the date of entry of this order. Defendants shall respond within 30 days. *See e.g. id.* The parties may agree to modify this deadline as they see appropriate. *See* Fed. R. Civ. P. 29.

The court also orders that all parties may serve and shall accept service of discovery-related documents by email. Within five days of the date of this order, counsel shall inform each other, in writing, of the person designated to receive service and the person's email address. Counsel shall confirm receipt of all emailed discovery-related documents promptly.

Dated: October 22, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge