IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VANCE COUNTY, NORTH CAROLINA; )<br>VANCE COUNTY SHERIFF'S OFFICE; )<br>PETER WHITE, in his official and individual )<br>capacities; LAWRENCE D. BULLOCK, in his )<br>official and individual capacities; )<br>WELDON WALLACE BULLOCK, in )<br>his official and individual capacities, )<br>and WESTERN SURETY COMPANY )<br>a division of CNA SURETY. )<br>)<br>Defendants. ) | **REPLY BRIEF<br>IN SUPPORT OF<br>DEFENDANTS' PARTIAL<br>MOTION TO DISMISS** |

---

NOW COME the defendants, by and through counsel, and, pursuant to Local Rule 7.1(g), reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss (D.E. No. 61) as follows:

1. **Official-capacity claims:** The plaintiff does not cite any case or authority to refute the case law that holds that an official-capacity claim is a suit against the entity for which the official works and that more than one such claim is duplicative and should be dismissed. The plaintiff's argument also makes no logical sense because it would allow the same defendant to be sued multiple times in the same lawsuit if different torts are alleged. By suing the individual defendants in their official capacities, the plaintiff has sued the Office of Sheriff of Vance County three times. One set of those claims can proceed, but the other two sets should be dismissed as

duplicative. This is clearly explained in the defendants' original brief, which contains ample supporting authority. The plaintiff's argument is thus without merit.[1]

2. **Title VII claims:** The plaintiff again cites no case to contradict the well-established law that a Title VII claim cannot be maintained against an individual person, and thus all Title VII claims against the individual defendants should be dismissed. Thus, as explained in the defendants' original brief, this argument is without merit.

3. **GERA claims:** The plaintiff concedes that the GERA claims are not proper in this case and should be dismissed, and the defendants agree.

4. **Contracts with Non-Employer Defendants:** The plaintiff again cites no authority in support of his theory that he had a contract with Chief Deputy Lawrence Bullock and Captain Weldon Wallace Bullock, neither of whom appointed or fired the plaintiff. No such allegation is even contained in the Complaint or Amended Complaint (and would be a misstatement of the law if it were, as explained in the defendants' original brief). Thus, this argument is also without merit and the claim for breach of contract against these defendants should be dismissed.

5. **Ratification claim:** As this Court recently explained, ratification is a "theory of liability," but it "is not an independent cause of action," and must be dismissed. Franks v. Coleman, 2020 WL 424946, *4 (E.D.N.C. Jan. 27, 2020). The plaintiff offers no authority to the contrary, but instead confuses the purported tort of ratification, which is asserted here as a claim under state law (see Amd. Compl. ¶¶ 276-80), with Monell liability, which applies to official-capacity claims under 42 U.S.C. § 1983 (see Tarlton for McCollum v. Sealey, 2018 WL 1129976, *12 (E.D.N.C. March 1, 2018)). Thus, this argument is without merit.

---

[1] This section of the plaintiff's brief also mistakenly claims that defendant Lawrence Bullock conducted the investigation of the plaintiff's use of excessive force when, according to the plaintiff's allegations, defendant Weldon Wallace Bullock did. See Amd. Compl. ¶¶ 128-29.

6. **<u>Punitive damages:</u>** First, the plaintiff misstates the defendants' position. The defendants stated only that a plaintiff may not recover punitive damages against the defendants in their <u>official</u> capacities under state or federal law, and the plaintiff offers no case showing otherwise. The defendants did not assert that punitive damages cannot be recovered against the defendants in their <u>individual</u> capacities (though it is denied that there is a factual basis for them in this case), and they did not move to dismiss said claims.

Second, the case that the plaintiff cites to specifically notes that Title VII does not provide for punitive damages from a " 'government, government agency or political subdivision.' " <u>Kolstad v. ADA</u>, 527 U.S. 526, 534 (1999) (quoting 42 U.S.C. § 1981a(a)(1)). Because the suit against the sheriff in his official capacity is, as explained in the defendants' brief, a suit against the Office of Sheriff of Vance County, it is a suit against a local "government, government agency or political subdivision." The plaintiff claims that Sheriff White is not local government entity (and this is true for him in his individual capacity), but the Office of Sheriff is a local government entity. The plaintiff also conflates an unrelated doctrine, governmental immunity, with the defendants' position, when the defendants' motion does not even mention immunity.

In sum, this argument, like all the plaintiffs' arguments, is without merit, and, for the reasons and authorities cited herein and in the defendants' original brief, the defendants' Partial Motion to Dismiss should be granted.

Respectfully submitted, this 10th day of February, 2021.

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS N.C.S.B. No. 25523
BRIAN F. CASTRO, N.C.S.B. No. 53412
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email: Chris.Geis@wbd-us.com
         Brian.Castro@wbd-us.com
*Attorneys for defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on February 10, 2021, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participant:

Sharika M. Robinson
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: 704-561-6771
Facsimile: 704-561-6773
*Attorney for Plaintiff*

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for defendants*