IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

JUSTIN J. WHITE,

        Plaintiff,

v.

| | |
|---|---|
| VANCE COUNTY, NORTH CAROLINA, VANCE COUNTY SHERIFF'S OFFICE, PETER WHITE, in his official and individual capacities, LAWRENCE D. BULLOCK, in his official and individual capacities, WELDON WALLACE BULLOCK, in his official and individual capacities, CURTIS R. BRAME, in his official and individual capacities, WESTERN SURETY COMPANY a division of CNA SURETY. | **PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS** |

        Defendants.

---

    Comes Now Justin White, Plaintiff in the above-styled action, by and through counsel and pursuant to Local Rule 56.1, to present the following material facts in support of his motion for summary judgment.

1. Plaintiff Justin White ("Plaintiff" or "Mr. White") applied for a position with the Vance County Sheriff's Office ("VCSO") in March of 2017. J. White Appl. p.1.

2. Plaintiff was hired by the Vance County Sheriff's Office ("VCSO") on June 5, 2017. F-4 Rep. p.1.

3. In July of 2017 Plaintiff was transferred from Lt. Durwood Campbell's supervision to Deputy Brian Wayne's supervision. J. White Dep. 32:8-18.

4. From June to August 2017, Plaintiff repeatedly complained of the tires on his car to his superiors and was eventually told by Sgt. Roberson to go directly to Sheriff White to remedy the problem. J. White Title VII Compl. p.2 ¶4.

5. On or about October 18, 2017, Sgt. Bobby Martin made homophobic remarks directed towards Mr. White, including that he performed oral sex on men and was "rammed" by men. Am. EEOC. p.2 ¶1. and J. White Dep. 238:19-22.

6. On November 22, 2017, Plaintiff was transferred by Lt. Campbell from the shift supervised by Sgt. Roberson to the shift supervised by Sgt. Myron Alexander.

7. On December 2, 2017, Mr. White finds a unicorn hat in his mailbox and complains about it to Sgt. Roberson, who did not acknowledge his complaint. Am. EEOC. p.2 ¶3.

8. On December 23, 2017, Plaintiff was ordered to charge a hispanic man who was involved in a traffic incident with charges that Mr. White did not believe the man had committed. As he did not have a ticket book, he was ordered by Sheriff White to serve the man with a criminal summons after the incident. J. White Dep. 218:22-220:9,

9. On January 26, 2018, Plaintiff observed a woman driving over the centerline and driving erratically. Her name was Jamie Goss and she was white. He pulled her over and informed her that she would be given a ticket (criminal summons) in the coming days. She is later served with the summons. Am. EEOC Comp. p.2 ¶4,

10. Lt. Campbell received a complaint from the woman that Mr. White pulled over and chastised Mr. White on the phone, telling him that he would "take care of [White's] ass" when Campbell got into work. Campbell Susp. Stat. p.1 ¶2.

11. On February 20, 2018, Lawrence Bullock issued a written suspension to Plaintiff due to the dispute with Campbell of January 26. J. White Susp. p.1.

12. In June 2018, Plaintiff received a performance evaluation from Myron Alexander.

13. Plaintiff challenged the performance evaluation and it was raised by 4 points. Appr. Rebut., pp. 1-8, and P. White Appraisal Rebut. Resp. p.1. ¶2-3.

14. On June 15, 2018, Plaintiff filed two internal written discrimination complaints centered on the behavior of Durwood Campbell as relating to his handling of the January 26th incident leading to Plaintiff's suspension and other issues relating to race and gender discrimination in the VCSO. J. White Title VII Comp.pp. 1-4.

15. On July 13, 2018, Sheriff White responded to Deputy White's "Performance Appraisal Rebuttal." P. White Appraisal Rebut. Resp. p.1.

16. On July 19, 2018 Sheriff White wrote a letter in response to Plaintiff's complaints of race and gender discrimination. P. White Title VII Lett. p.1.

17. In August of 2018, a K-9 dog named Dave, who was a dog controlled by K-9 deputy Adam Hight, was released into a warehouse and bit a civilian. W. Bullock Dep. 80:20-81:4, W. Bullock Dep. 113:14-23

18. On August 20, 2018, Sheriff White issued an order that Dave be removed from duty until further notice. Dave Or. p.1.

19. Per VCSO policy, "a properly trained canine can constitute a use of force." Further, "[a] trained Canine is a law enforcement tool and shall be used in conformance with the 'Use of Force' Section IV, 'Use of Less than Lethal Force.'" F.13 p. 2 ¶3 and F.13 p.6 ¶10.

20. Adam Hight was not investigated by Weldon Bullock in his capacity as the VCSO use of force investigator. W. Bullock Dep. 81:3-4.

21. On October 21, 2018 Plaintiff warned Latwanya Oliver about her erratic driving before letting her go. J. White Inv. 6 ¶1

22. Upon returning to the Sheriff's Office, Plaintiff discovered that Ms. Oliver had two outstanding felony warrants for her arrest. J. White Inv. 4:1.

23. Sgt. Welborn instructed Mr. White to serve the warrants to Ms. Oliver on his own and to contact Sgt. Welborn if he needed assistance. J. White Dep. 156:4-13.

24. On October 22, 2018, Plaintiff went to Ms. Oliver's home to effectuate the arrest warrants. J. White Inv. 6 ¶1.

25. It is VCSO procedure to handcuff the subjects of arrest warrants when they are taken into custody, including for transportation to a location where they can be processed. B.8 6 ¶7 – 7 ¶ 2.

26. Ms. Oliver physically resisted Plaintiff by physically assaulting him when he attempted to handcuff her. J. White Inv. 6 ¶1

27. The armbar takedown is a technique taught and approved by the basic law enforcement training program for gaining control of a noncooperative suspect. BLET p.22 ¶3-6.

28. VCSO utilizes the use of force curriculum and techniques that are taught by BLET. P. White Admis. ¶15.

29. Mr. White was terminated from the VCSO on October 24, 2018. J. White F-5, p.1.

30. Mr. White was unable to obtain employment any of the numerous law enforcement agencies that he applied to. J. White Resp. to P. White Interrog. pp. 7-8.

31. When NC Special Police, LLC withdrew a conditional offer of employment to Mr. White, their stated reason was due to the conclusions of VCSO and its personnel in the investigation of Plaintiff's use of force against Ms. Oliver. NCSP Pos. Stat. pp. 2 ¶3 – 3 ¶2.

Respectfully submitted, this 31st day of March, 2021.

                      PLAINTIFF,

                      JUSTIN J. WHITE
                      By his Attorney:
                      /s/Sharika M. Robinson
                      SHARIKA M. ROBINSON,
                      North Carolina Bar No.: 44750
                      THE LAW OFFICES OF SHARIKA M ROBINSON, PLLC
                      10230 Berkeley Place Drive, Suite 220
                      Charlotte, NC 28262
                      Telephone: (704) 561 6771
                      Telefax: (704) 561-6773
                      *Counsel for Plaintiff Justin J. White*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2021, the foregoing was served on the following by electronic mail:

Christopher Geis (Chris.Geis@wbd-us.com)

ATTORNEY FOR DEFENDANTS

This, 31st day of March, 2021.

>/s/ Sharika M. Robinson
> SHARIKA M. ROBINSON,
> North Carolina Bar No.: 44750
> The Law Offices of Sharika M. Robinson, PLLC
> 10230 Berkeley Place Drive, Suite 220
> Charlotte, NC 28262
> Telephone: (704) 561 6771
> Telefax: (704) 561-6773
> srobinson@sharikamrobinsonlaw.com
> *Counsel for Plaintiffs*