# 5. W. Bullock –B.6 Domestic Disturbance

I. **POLICY**

The purpose of this policy is to establish guidelines and procedures for deputies when dealing with domestic incidents.

The Vance County Sheriff's Office recognizes domestic incident calls as high priority and needing special attention due to the possibility of violence directed to an involved party.

II. **GENERAL**

The goal of the Vance County Sheriff's Office is:

- To respond to domestic related incidents without delay;
- To prevent domestic homicides through proactive measures;
- To prevent domestic assaults;
- To reduce law enforcement call backs;
- To reduce liability risk to the Sheriff's Office; and
- To prevent injuries to deputies, victims, and other involved individuals.

III. **DOMESTIC STATUTES**

**Section 1. N.C.G.S. 50B-1**

50B-1. Domestic Violence; definition

(a) Domestic violence means the commission of one or more of the following acts upon an aggrieved party or upon a minor child resident with or in the custody of the aggrieved party by a person with whom the aggrieved party has or has had a personal relationship, but does not include acts of self defense:

    (1) Attempting to cause bodily injury, or intentionally causing bodily injury; or

    (2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of eminent serious bodily injury; or

    (3) Committing any act defined in G.S. 14-27.2 through G.S. 144-27.6 (See list of statutes at the end of this policy).

(b) For purposes of this section, the term 'personal relationship' means a relationship wherein the parties involved:

(1) Are current or former spouses;

(2) Are persons of the opposite sex who live together or have lived together;

(3) Are related as parents and children, including others acting in loco parentis to a minor child, or as grandparents and grandchildren. For purposes of this subdivision, an aggrieved party may not obtain an order of protection against a child or grandchild under the age of 16;

(4) Have a child in common;

(5) Are current or former household members; or

(6) Are persons of the opposite sex who are in a dating relationship or have been in a dating relationship. For purposes of this subdivision, a dating relationship is one wherein the parties are romantically involved over time and on a continuous basis during the course of the relationship. A casual acquaintance or ordinary fraternization between persons in a business or social contact is not a dating relationship.

### Section 2. N.C.G.S. 50B-2(c1)

(c1) Ex Parte Orders by Authorized Magistrate. - The chief district court Judge may authorize a magistrate or magistrates to hear any motions for emergency relief ex parte. Prior to the hearing, if the magistrate determines that at the time the party is seeking emergency relief ex parte, the district court is not in session and a district court judge is not and will not be available to hear the motion for a period of four or more hours, the motion may be heard by the magistrate. If it clearly appears to the magistrate from specific facts shown that there is a danger of acts of domestic violence against the aggrieved party or a minor child, the magistrate may enter such orders as it deems necessary to protect the aggrieved party or minor children from such acts, except that a temporary order for custody ex parte and prior to service of process and notice shall not be entered unless the magistrate finds that the child is exposed to a substantial risk of bodily injury or sexual abuse. An ex parte order entered under this subsection shall expire and the magistrate shall schedule an ex parte hearing before a district court judge within 72 hours of the filing for relief under this subsection, or by the end of the next day on which the district court is in session in the county in which the action was filed whichever occurs first.

Case 5:19-cv-00467-BO   Document 71-5   Filed 04/01/21   Page 3 of 9

**Section 3. Chapter 50B is amended by adding the following new section to read:**

50B-4A. Violation of valid protective order is Misdemeanor.

A person who knowingly violates a valid protective order pursuant to this Chapter shall be guilty of a Class A1 Misdemeanor.

As provided for in Chapter 50B-5(a) Emergency Assistance:

A.  A person who alleges that he or she or a minor child has been the victim of domestic violence may request the assistance of a local law-enforcement agency. The local law-enforcement agency shall respond to the request for assistance as soon as practicable; provided, however, a local law-enforcement agency shall not be required to respond in instances of multiple complaints from the same complainant if the multiple complaints are made within a 48 hour period and the local law-enforcement agency has reasonable cause to believe that immediate assistance is not needed. The law-enforcement officer responding to the request for assistance is authorized to take whatever steps are reasonably necessary to protect the complainant from harm and is authorized to advise the complainant of sources of shelter, medical care, counseling and other services. Upon request by the complainant and where feasible, the law enforcement officer is authorized to transport the complainant to appropriate facilities such as hospitals, magistrates' offices, or public or private facilities for shelter and accompany the complainant to his or her residence, within the jurisdiction in which the request for assistance was made, so that the complainant may remove food, clothing, medication and such other personal property as is reasonably necessary to enable the complainant and any minor children who are presently in the care of the complainant to remain elsewhere pending further proceedings.

B.  In providing the assistance authorized by subsection (a.), no officer may be held either criminally or civilly liable on account of reasonable measures taken under authority of subsection (a).

15A-401 (b)(2)(d) provides that an officer may arrest for a misdemeanor that occurred outside his presence, if the offense was a simple assault, or domestic criminal trespass. The offense must be committed by a person who is the spouse or former spouse of the alleged victim or by a person with whom the alleged victim is living or has lived as if married.

50B – 4 (b) provides an additional option for arrest. If there is a court order in effect, 50B-4 requires arrest if there is probable cause to believe that (1) The suspect violated a court order excluding the suspect from the residence; or (2) the suspect violated the court order prohibiting him from assaulting, threatening, abusing, following, harassing or interfering with the alleged victim, and if the victim or someone acting on the victim's behalf presents the law enforcement officer with a copy of the order or the officer determines that such an order exists

and can ascertain the contents thereof, through phone, radio or other communication with appropriate authorities.

    2)    A "domestic incident" is when members of any relationship described above in G.S. 50B-1(b), (1) through (6) do one or more of the listed:

        a.    Attempt to cause bodily injury or intentionally cause bodily injury; or

        b.    Place the aggrieved person or a member of his or her household or family in fear of imminent serious bodily injury; or

        c.    Commit a sexual assault; or

        d.    Intentionally destroy real or personal property; or

        e.    Commit domestic criminal trespass (G.S. 14-134.3); or

        f.    Violate a valid court order provided under 50B; or

        g.    Request law enforcement intervention even though a crime may not have been committed.

C.    Probable Cause

That amount of information that would cause a reasonable and prudent person to believe that certain allegations are correct; it must be more than mere suspicion but may fall short of actual proof.

The definition and/or the weight and degree of probable cause are consistent for any incident or occurrence, and do not change.

## IV. PROCEDURE

**Responding**

- The responding deputy(s) shall separate the parties involved, calm them and restore order, if possible.

- The deputy(s) may, if the situation allows, observe the situation for a brief period before approaching the parties. All normal precautions shall be taken during approach and upon entering any residence.

- It is important to separate the parties out of ear shot, and line of sight of each other in order that each will feel more comfortable with disclosing information without fear of retaliation.

- During discussions with the parties, deputy(s) must avoid drawing hasty conclusions.

- Whether or not an arrest is made, the deputy(s) shall provide the parties involved with information related to the problem at hand, by referring them to Community Resources for assistance.

- In cases where N.C.G.S. 50B applies, the responding deputy(s) shall inform the complainant of the availability of relief through the Clerk's office, which doesn't require an attorney.

**Assessment**

- In all cases, the deputy shall determine if:
    - All involved parties are safe;
    - Any injuries have occurred
    - A crime has been committed;
    - Any warrants are outstanding on involved parties;
    - Any civil process (such as 50B) is outstanding, or is in effect.

**Arrest**

- After the responding deputy(s) has finished his/her interviews, and weighed his/her information and observations, if grounds exist to make a warrant-less arrest as described in 15A-401 or 50B, the deputy(s) shall make the arrest.

- If the suspect has left the scene and an arrest is warranted as described is 15A-401 or 50B, the deputy(s) and the Sheriff's Office shall make a reasonable effort to locate the suspect as soon as possible, and make the arrest.

- If the suspect can not be immediately located, but there is probable cause to believe that the suspect has committed an offense, the deputy shall explain the procedure for obtaining a warrant to the victim and encourage the victim to seek a warrant. The deputy shall provide the victim with transportation to the magistrate's office if the victim so desires, or does not have transportation.

- If the suspect cannot be immediately located and there is probable cause to believe the suspect has committed an offense, but the victim refuses to get a warrant after the deputy has weighed all factors in the call, the deputy shall attempt to obtain a warrant from the magistrate on other grounds of 50B. In contemplating such a decision, the deputy will consider:
    - The existence of a protective order;
    - The history of previous calls involving the same parties;

- The likelihood that the crime will be repeated or violence against the victim continued;

- The magnitude of the victim's injuries.

- If an arrest is not made because the suspect can not be located, or due to the deputy's use of discretion to not make an arrest, the deputy shall initiate follow-up intervention with the appropriate state or county victim's services.

- The deputy shall perform a follow-up contact with the victim, in person, as soon as reasonable. If the deputy can not follow-up with the victim, he/she shall request their immediate supervisor, or on-coming duty officer make the necessary follow-up contact with the victim.

- At the discretion of the deputy, more than one follow-up contact visit may be warranted.

**On-Scene**

- The deputy shall remain on the scene long enough to determine if the victim will feel safe after the law enforcement leaves, or if the victim needs assistance to go to another location.

- If the victim decides to relocate, the deputy shall remain on the scene to preserve the peace, while the victim removes such items as food, clothing, medication, and other personal property as is reasonably necessary to enable the victim and/or minor children to relocate elsewhere. This does NOT include furniture or other household items.

- Unless both parties readily agree; or if there is a court order directing something else, only survival necessities may be removed with law enforcement assistance.

- Under no circumstances will the race, ethnic origin, social class or occupation of any party be factors in a deputy's initiative in handling the call, or decision to seek a warrant.

**Documentation**

- At the conclusion of each domestic incident call for service the responding deputy shall complete the appropriate incident report.

- Any follow-up visits by the deputy shall be documented on the appropriate follow-up report as well. The report will contain the date, time, complaint number of initial report, as well as the victim's name, address, and contact numbers. The report must also contain action taken or discussions conducted.

Directive B.6         Vance County Sheriff's Office Policy Manual         Page 6

Case 5:19-cv-00467-BO   Document 71-5   Filed 04/01/21   Page 7 of 9

- The deputy responding to a domestic situation or conducting a follow up with a victim shall forward a completed copy of all reports pertaining to the incident to the Domestic Violence Coordinator or other appropriate person. All reports must be completed by the next business, unless extenuating circumstances prevents next day completion, and forwarded to the above mentioned personnel.

### Additional Assistance

- If requests are made by either person involved in the domestic dispute for law enforcement assistance with removing personal belongings as described in 50 B-5, at times other than during a domestic call, the responding deputy may provide that assistance, without court order, to prevent a crime from occurring. The deputy may not intervene in any form to assist one party or another in removing household or personal items in dispute. The deputy may recommend the parties settle their property disputes in civil court. The deputy may only intervene in accordance with G.S. 15A-401, or 50B.

## V. SAME GENDER DISPUTES

Although 50B does not address specifically, the issue of same-sex domestic incidents, deputies are reminded that domestic disputes do occur with same-sex relationships. Personnel are to treat calls of this nature the same way and using the same methods as an opposite-sex call. HOWEVER, DO NOT APPLY THE SAME STANDARDS FOR EX-PARTE ORDERS UNDER 50B IF MAKING A WARRANTLESS ARREST

## VI. ASSISTING LEGISLATION

- North Carolina General Statue:

  - 15A-401 Arrest by law enforcement officer.

  - 15A-401(b)(2)(d) Warrant-less arrest powers of officers responding to domestic violence.

  - 50B-4(b) Arrest mandated when officers responding to domestic violence in some cases.

  - 14-27.2 First-degree rape.

  - 14-27.3 Second-degree rape.

  - 14-27.4 First-degree sexual offense.

  - 14-27.5 Second-degree sexual offense.

  - 14-27.6 Penalties for attempt.

- 14-33 Misdemeanor assaults, batteries, and affrays, simple and aggravated; punishments.

- 14-33.1 Evidence of former threats upon plea of self-defense.

- 14-277.3 Stalking

- 14-27.2 through 14-27.7 Committing or attempting to commit sex offenses.

- 14-134.3 Domestic Criminal Trespass.

- 15A-285 Allows for entry when an urgent necessity exists, when an officer reasonably believes entry is necessary to save a life or prevent serious bodily injury.

- Chapter 50B Domestic Violence.

- 50B-1 Domestic violence; definition.

- 50B-2 Institution of civil action; motion for emergency relief; temporary orders.

- 50B-3 Relief.

- 50B-4 Enforcement of orders.

- 50B-5 Emergency assistance.

- 50B-9 Domestic Violence Center Fund.

Peter White
Sheriff
Vance County