13. W. Bullock – F.3 Arrest Procedures

# Arrest Procedures

I. **POLICY**

This policy establishes guidelines and procedures for effecting arrest.

It shall be the policy of the Vance County Sheriff's Office to maintain procedures to be followed when effecting arrests, and shall apply to all Sheriff's Office employees with power of affect an arrest.

II. **PROCEDURE**

Authority for law enforcement officers to arrest without a warrant is provided in N.C.G.S. § 15A-401, "Arrest by Law Enforcement Officer".

- Deputies shall be aware that as a matter of Federal Constitutional, under Payton vs. New York, 445 U.S. 573 (1980), there is no longer any viable distinction between making a warrant-less felony arrest and a warrant-less misdemeanor arrest when that arrest involves entry into a person's home. A search warrant is required to enter a second party residence unless permission is granted, or during an emergency or exigent circumstance.

- A deputy may enter a suspect's premises to affect a lawful arrest in accordance with N.C.G.S. § 15A-401, when the deputy reasonably believes the person to be arrested is within the premises.

- A deputy may forcibly enter the premises, to affect a lawful arrest in accordance with N.C.G.S. § 15A-401, by announcing their authority, purpose, and making a demand for admission. The announcement and demand shall not be necessary if a deputy reasonably believes such announcement and demand might place the life of the deputy(s) in danger, or if the person to be arrested is attempting to destroy evidence or elude arrest.

- Before a deputy may arrest, it shall be established that probable cause exists. Probable cause can be established by a deputy's own observations, or through statements of witnesses or other law enforcement officers.

- Deputies shall check for local, DCI and NCIC warrants on all arrested persons transported to the detention facility.

### Execution of Arrest Warrants

- Arrest warrants received for service can only be executed within the jurisdictional boundaries of Vance County by sworn employees.

- Each warrant must be confirmed prior to the actual arrest. Confirmation shall be as follows:

- - Verification of an outstanding arrest warrant through NCIC/DCI or through Vance Central.
  - Possession of the actual arrest warrant.

- Priorities of outstanding arrest warrants shall be as follows:

  - The service of warrants which may prevent the death or injury to the general public, witness or victims, shall have first priority over all other types of warrants.

  - The service of warrants for the arrest of capital or life felons and grand jury indictments shall be the second priority.

  - Felony warrants and all failure to appear warrants shall be the third priority.

  - Misdemeanor warrants, or when someone makes an inquiry regarding the service of a criminal action, shall be the fourth priority.

- The Sheriff or his/her designee shall determine which section shall be responsible for the distribution, processing, record keeping, filing and updates of warrants.

- See the "Criminal Process" policy for additional information.

- Transportation of persons arrested in another jurisdiction on a warrant or order for arrest, or juvenile pick-up order from this jurisdiction shall be conducted as follows:

  - Persons arrested under these circumstances shall be taken into custody from the local arresting agency and transported to the Vance County detention facility by the appropriate Sheriff's Office employee. This shall be done as soon as possible.

  - The Sheriff's Office Prisoner Transport personnel shall be the primary transporting source. When a Prisoner Transport member is not available, patrol units shall take custody and transport.

  - If a subject arrested pursuant to a Vance County warrant or juvenile pick-up order is injured during an arrest, the subject shall receive the appropriate medical screening/treatment prior to being transferred to the detention facility. Documentation of medical screening and/or treatment shall be provided to detention staff prior to transferring custody.

  - If the person arrested pursuant to a warrant or juvenile pick-up order has a pre-existing injury that was not caused by the arresting agency, then any treatment of that injury will be the responsibility of the individual.

- Arrests on out of state wanted person

  - When NCIC or DCI shows an outstanding warrant, confirm that the warrant is active with the originating agency and that the agency will extradite the subject.

  - Upon confirmation of an active warrant and intent of extradition, complete an affidavit for a fugitive warrant on the subject.

  - A "locate" shall be placed on the person via DCI

  - The subject shall then be arrested and placed in the detention facility and held for the requesting agency.

- Canceling Warrant Information

  - The arresting deputy shall contact his/her supervisor to remove the arrestee from DCI/NCIC or ensure the information is removed from NCIC/DCI themselves.

  - The warrant copy and/or arrest sheet shall be forwarded to warrant control for processing.

  - Warrant control shall return the canceled warrant to the Clerk of Court.

**Stop and Frisk Law**

- Law enforcement officers can utilize verbal contact with selected pedestrians and motorists as an effective crime prevention and information gathering tactic. Since the stop and questioning of citizens is restrictive on their freedom, certain guidelines must be established to regulate these procedures. (Terry v. Ohio, 1963)

  - The "stop" is the temporary detention and questioning of a subject for purposes of crime investigation or detection.

  - A deputy must have reasonable suspicion that a subject is committing, has committed, or is about to commit a violation of criminal law.

  - The stop and frisk law does not restrict law enforcement officers from approaching any person to engage in a voluntary conversation.

  - Detention shall not be longer than reasonably necessary and must terminate, if inquiry into the suspicious circumstances fails to produce probable cause or results in a reasonable explanation for the questioned activity.

- Subjects detained shall not be removed to another area without their consent or arrest.

- The "frisk" is intended for a deputy's protection. Upon stopping a subject, if circumstances develop that causes a deputy to believe a subject is armed with a dangerous weapon, then a pat down or frisk is appropriate. When a deputy conducting a pat down search discovers an object "which mass or contour makes its identity immediately apparent," the deputy is not required to ignore the contraband but is justified in seizing the object without a warrant. (Minnesota v. Dickerson, 1991)

- Factors to consider when deciding to frisk shall include:
  - If the suspected crime involves the use of weapons,
  - Unusual bulges in clothing that could be indicative of a concealed weapons,
  - The attitude or actions of the subject,
  - The availability of assistance, and/or the number of subjects being detained.

- This law shall not allow indiscriminate searching of a subject. The "frisk" is a pat down for weapons for the protection of a deputy only.

- Should the pat down reveal illegal weapons, the subject may be arrested and a more extensive search shall be conducted.

- Any stop and frisk shall be documented either in an incident report or field interview report.

### Search and Arrest

- When a lawful arrest is made, the person being arrested and the area within the immediate presence of the person may be searched without a warrant to discover weapons and evidence for the purpose of protecting the deputy from attack, preventing the person from escaping, or discovering the fruits of the crime.

  - A restriction imposed by the Supreme Court in Chimel v. California, 395 U.S. 752 (1969), requires that a search warrant be obtained first, if an arrest of a subject is anticipated at a subject's home, office, or other premises, and a search of the entire premises is desired coincident with the arrest.

  - N.C.G.S. § 15A-401. Arrest by law enforcement provides that the law enforcement officer may use force to enter the premises or vehicle if he reasonably believes that admittance is being denied or unreasonably

delayed, or if he is authorized under subsection (e)(1)(c) to enter without giving notice of his authority and purpose.

- N.C.G.S. § 15A-249 states the officer executing a search warrant must, before entering the premises, give appropriate notice of his identify and purpose to the person to be searched, or the person in apparent control of the premises to be searched. If it is unclear whether anyone is present at the premises to be searched, he/she must give the notice in a manner likely to be heard by anyone who is present.

- N.C.G.S. § 15A-251 states an officer may break and enter any premises or vehicle when necessary to the execution of the warrant if:
    - The officer has previously announced his identity and purpose as required by N.C.G.S. § 15A-249 and reasonably believes either that admittance is being denied or unreasonably delayed or that the premises or vehicle is unoccupied; or
    - The officer has probable cause to believe that the giving of notice would endanger the life or safety of any person.

## If an Arrest is made in a House or Building, and No Search Warrant Exists

- A check shall be made of other rooms and closets of the premises for other wanted persons or accomplices, or to protect a deputy from possible attack.

- Items of evidence that are in plain view in the room where the arrest occurred, or in other rooms entered while looking for the subject or accomplices, may be seized.

- Other rooms, closets, or drawers shall not be searched for evidence. Neither is it permitted to conduct a search of files, suitcases, boxes and cabinets.

- If the subject is arrested outside the house or building, it is not permissible to take the subject into the building in order to search the inside of the premises.

- It is possible to obtain a valid consent to search the premises.

## Arrest Made From Within a Motor Vehicle; Vehicle Searches

- If a deputy arrests an occupant of a motor vehicle, that deputy may, as an incident to the arrest, search the entire passenger's compartment of the vehicle and any containers therein, whether open or closed, without the requirements of probable cause. However, no search may be made of the luggage compartment incident to the same arrest unless there is independent probable cause (New York v. Belton, 1981; State v. Massenburg, 1984).

- If there is independent probable cause that a vehicle contains fruits or instruments of a crime or contraband, the entire vehicle including any containers may be searched (U.S. v. Ross, 456 U.S. 798, 1982).

- The Carroll Doctrine states when you have probable cause to believe an item subject to seizure is anywhere in the vehicle and exigent circumstances exists, then you can search the car and all containers therein without a search warrant. You can even have the vehicle towed and still search it later without a search warrant. The only time you will need a search warrant for a car under these circumstances is when it is parked on the curtilege of a dwelling and you cannot secure consent to search (Carroll v. U.S., 1925; State v. Isleib, 1987).

- When a deputy impounds a vehicle incident to an arrest, an inventory search of the vehicle shall be conducted.

Peter White
Sheriff
Vance County