IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-00467-BO

| | |
|---|---|
| JUSTIN J. WHITE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **SECOND** |
| VANCE COUNTY, NORTH CAROLINA; ) | **AFFIDAVIT OF** |
| VANCE COUNTY SHERIFF'S OFFICE; ) | **PETER WHITE** |
| PETER WHITE, in his official and individual ) | |
| capacities; LAWRENCE D. BULLOCK, in his ) | |
| official and individual capacities; ) | |
| WELDON WALLACE BULLOCK, in ) | |
| his official and individual capacities, ) | |
| and WESTERN SURETY COMPANY ) | |
| a division of CNA SURETY, ) | |
| ) | |
| Defendants. ) | |

NOW COMES the affiant, Peter White, and, after having been previously sworn, states as follows:

1. I am over 18 years of age, do not suffer from any disability, am competent to make this affidavit, and have personal knowledge of the facts contained in this affidavit.

2. I am the retired Sheriff of Vance County. This second affidavit supplements the testimony I gave in my deposition of February 26, 2021, and in my previous affidavit, which was dated March 23, 2021. I am providing this affidavit because I was not asked about these facts in my deposition and I am responding specifically to allegations made in the Plaintiff's Summary Judgment Response Brief, which was filed on April 20, 2021.

3. The plaintiff refers to disciplinary action that I took against a lieutenant who served in my office. The lieutenant, who is white, was at a traffic stop and came into contact

with a young woman he knew. He joked to her about taking her top off. She did not complain about the comment, but told a friend about it, and the friend told someone else. At some point the woman's step-father called and reported the comment. The woman never complained. We looked into the complaint, and the officer admitted making it and apologized. The comment was unprofessional, but the officer never touched her, or offered or threatened to touch her, so the description in the plaintiff's brief of this incident as a "sexual assault" has no basis in fact. Prior to this incident the officer had an unblemished record, with no disciplinary problems or complaints, but I suspended him for 30 days without pay, demoted him in rank to sergeant, and reduced his salary significantly. The officer returned to duty and never had another problem or complaint.

4. The plaintiff's brief refers to a car accident involving a Hispanic man. This accident occurred at the county dumpster site one weekend when the sheriff's office was closed. I happened to be in my office at the time and was getting ready to leave when two women approached the office and tried to report the accident. The women, who were black, had driven to the sheriff's office and pointed to the damage to their car, which was obvious. The driver had already left the scene. I did not know that the driver was Hispanic until well after the accident, but his race was irrelevant to the issue, as was that of the victims. The plaintiff, who had had been called to the scene, had not charged the driver, and he drove up and told me that he did not issue a citation because he did not have a ticket book. I told him that he could take out criminal summonses on the driver. The plaintiff did not have a ticket book because we did not want him stopping cars for minor traffic violations, but in this case the fault was clear-cut and the plaintiff should have charged the driver. I left the office and did not think anything more about this incident until the plaintiff brought it up in this lawsuit.

5. As I stated in my previous affidavit, all deputy sheriffs under my tenure were hired at-will and no one was ever given an employment contract. The plaintiff's brief claims that Argretta Johen, the county's director human resources, signed an employment contract for his employment, but she did not and this would have been contrary to state law and to practice. Neither Ms. Johen nor any other county official was involved in my decision to hire or fire deputy sheriffs, so she could not have been a signatory to an employment contract even if one had existed.

6. Finally, the plaintiff's brief also makes, for the first time in this case, an allegation that a white deputy received his firearm before black deputies, including the plaintiff. I have no idea what the plaintiff is referring to, and I am not aware of any delay in the plaintiff's receiving his firearm. Deputies were given their firearms as soon as they qualified on the shooting range or there was a record of their previous qualification. No deputy was ever sent on patrol without a firearm because it would be pointless to do so. I wanted deputies on patrol as soon as they could serve, and it would have been counter-productive to hire one and not give him a firearm.

This is the 27th day of April, 2021.

_____
PETER WHITE

Sworn to and subscribed before me
this 27th day of April, 2021.

_____
NOTARY PUBLIC
My Commission Expires: March 13, 2022