IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-467-BO

| | |
|---|---|
| JUSTIN J. WHITE,<br>    Plaintiff,<br><br>v.<br><br>PETER WHITE, in his official and<br>individual capacities; LAWRENCE D.<br>BULLOCK, in his official and individual<br>capacities; WELDON WALLACE<br>BULLOCK, in his official and individual<br>capacities, and WESTERN SURETY<br>COMPANY, a division of CNA SURETY,<br>    Defendants. | ORDER |

This cause comes before the Court on a partial motion to dismiss filed by defendants Peter White, Lawrence Bullock, and Weldon Bullock. Plaintiff has responded in opposition, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, the partial motion to dismiss is granted.

BACKGROUND

Plaintiff instituted this action by filing a complaint in this Court on October 23, 2019. [DE 1]. In his complaint, plaintiff alleges that while serving as a deputy sheriff in Vance County he suffered disparate treatment, a hostile work environment, and retaliatory discharge in violation of 42 U.S.C. §§ 1981 and 1983; the Government Employees Rights Act of 1991, 42 U.S.C. §§ 2000e-16a *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and North Carolina state law.

By order entered February 26, 2020, the Court granted motions to dismiss filed by defendants Vance County Sheriff's Office and Vance County. [DE 19]. Plaintiff was subsequently permitted to amend his complaint and added Western Surety Company as a defendant. [DE 55]. The same day that plaintiff's amended complaint was filed, defendants Peter White, Lawrence Bullock, and Weldon Bullock filed the instant partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In his amended complaint, plaintiff alleges that he was hired by the Vance County Sheriff's Office on June 5, 2017, as a patrol deputy. Plaintiff alleges that the Vance County Sheriff's Office discriminates against Black deputies by not affording them the same privileges as White deputies by failing to provide Black deputies with protective gear either upon employment or following multiple requests while White deputies were provided with protective gear at or near the start of their employment; by not providing Black deputies with the same number of new uniforms as White deputies; issuing unsafe patrol vehicles to Black deputies; and failing to provide adequate training to Black deputies. Plaintiff alleges that despite the Sheriff and upper management having been comprised of Black males, reports of discrimination were rarely made and unfavorably received. Plaintiff alleges that he experienced each of these types of disparate treatment, such as not being issued a laptop, having to use a patrol vehicle in need of repair, not being issued protective gear, and not being provided opportunities for additional training. Plaintiff further alleges that he was threatened with suspension and termination for lesser employment violations than non-minority deputies.

Plaintiff's amended complaint details his allegation that he was openly harassed and called gay. Plaintiff alleges that he was retaliated against for failing to discriminate in his policing and that his lieutenant began to create a paper trail to support his false narrative that plaintiff was

2

insubordinate. In June 2018, plaintiff filed two internal written discrimination complaints against his lieutenant alleging he had been subject to a hostile work environment based upon race and gender discrimination. Plaintiff alleges that Sheriff White ordered plaintiff to drop the discrimination complaints or face termination. In August 2018, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission asserting race and gender discrimination and later retaliatory discharge.

On October 21, 2018, plaintiff was serving warrants on an individual who he alleges refused multiple orders and became combative and physically aggressive. Plaintiff performed a takedown of the subject and the subject's arm may have been broken in the process. The subject subsequently complained that plaintiff assaulted and harassed her. Plaintiff's supervisors determined that plaintiff had used excessive force and on October 24, 2018, plaintiff was informed that his services were no longer needed. Plaintiff alleges that since his termination, the Vance County Sheriff's Office has made remarks that deputies who file complaints end up like plaintiff. Plaintiff alleges that he has been unable to gain employment in law enforcement due to the Vance County Sheriff's Office's characterization of his employment and termination.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct.

3

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Defendants seek to dismiss the following of plaintiff's claims: all claims against defendants Lawrence Bullock and Weldon Bullock in their official capacities, plaintiff's Title VII claims against the defendants in their individual capacities, plaintiff's claims under the Government Employee Rights Act, plaintiff's claims for breach of contract against Lawrence Bullock and Weldon Bullock, plaintiff's claim for ratification, and plaintiff's claim for punitive damages against all defendants in their official capacities

The official capacity claims against defendants Lawrence Bullock and Weldon Bullock are duplicative of plaintiff's official capacity claims against former Vance County Sheriff Peter White in his official capacity. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1983); *Hill v. Robeson Cty., N.C.*, 733 F. Supp. 2d 676, 682 (E.D.N.C. 2010) ("A claim against a government employee in his official capacity is tantamount to a claim against the government entity for which he works and should be dismissed as duplicative."). These claims are accordingly properly dismissed.

A claim under Title VII may not proceed against an individual who does not qualify as an "employer." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Lewis v. Baltimore City Bd. of Sch. Commissioners*, 187 F. Supp. 3d 588, 594 (D. Md. 2016). "[I]n North Carolina, each county's sheriff is an 'employer' within the meaning of Title VII and must be named as a defendant in a Title VII suit." *Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004). The sheriff is liable, however, in his official not his individual capacity. Moreover, defendants

4

Lawrence Bullock and Weldon Bullock were plaintiff's supervisors and "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). Plaintiff cites no case law holding to the contrary, and his Title VII claims against the defendants in their individual capacities are dismissed.

Plaintiff agrees that his claim under the Government Employees Rights Act, which he pleaded in the alternative to his Title VII claim, should be dismissed as defendants have admitted that defendant White in his official capacity is an employer under Title VII. Plaintiff's Government Employees Rights Act claim is therefore dismissed.

Plaintiff's claim for ratification is also dismissed. "In order to show that the wrongful act of an employee has been ratified by his employer, it must be shown that the employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 492 (1986). Ratification is more properly construed as a theory of liability rather than an independent cause of action. *See, id.* (examining whether employer ratified employee's conduct such that employer could be liable for intentional infliction of emotional distress); *see also Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989). However, to the extent ratification could be considered an independent cause of action, plaintiff's bare allegations that defendants White and Lawrence Bullock knew or should have known of Lieutenant Campbell's discriminatory conduct is insufficient to state such a claim as plaintiff has failed to allege that his employer by words or conduct intended to ratify the conduct of any of his employees.

Plaintiff's breach of contract claim against defendants Lawrence Bullock and Weldon Bullock are also dismissed. Plaintiff's employment contract was with the Vance County Sheriff,

not any of his employees. *See, e.g., Parker v. Bladen County*, 583 F. Supp. 2d 736, 739 (E.D.N.C. 2008). In his opposition, plaintiff argues that he had separate, implied contracts with these defendants to be evaluated fairly and free from judgment based upon race and further to be treated with dignity. Plaintiff cites no case law which would support the presence of a contract such as this, implied or otherwise. Plaintiff's breach of contract claim against defendants Lawrence Bullock and Weldon Bullock is dismissed.

Finally, the Court dismisses plaintiff's claims for punitive damages against the defendants in their official capacities only. "A plaintiff is not entitled to recover punitive damages against a government, government agency, or a political subdivision in an action brought under Title VII." *Gethers v. Harrison*, No. 5:12-CV-430-F, 2014 WL 28814, at *7 (E.D.N.C. Jan. 2, 2014). Moreover, "[m]unicipalities may not be held liable for punitive damages, whether under 42 U.S.C. § 1983 or North Carolina law." *Iglesias v. Wolford*, 539 F. Supp. 2d 831, 841 (E.D.N.C. 2008). Plaintiff has cited to no case law which would support an award of punitive damages against a North Carolina sheriff or his deputies in their official capacities. This portion of plaintiff's request for punitive damages is therefore dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, the partial motion to dismiss filed by defendants White, Bullock, and Bullock [DE 57] is GRANTED. All claims against defendants Lawrence Bullock and Weldon Bullock in their official capacities, plaintiff's Title VII claims against the defendants in their individual capacities, plaintiff's claims under the Government Employee Rights Act, plaintiff's claims for breach of contract against Lawrence Bullock and Weldon Bullock, plaintiff's claim for ratification, and plaintiff's claim for punitive damages against all defendants

in their official capacities are DISMISSED. The remainder of plaintiff's claims shall proceed.

SO ORDERED, this __7__ day of June, 2021.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7

Case 5:19-cv-00467-BO   Document 80   Filed 06/08/21   Page 7 of 7