IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-467-BO

JUSTIN J. WHITE,
        Plaintiff,

v.

PETER WHITE, in his official and
individual capacities; *et al.*,
        Defendants.

O R D E R

This cause comes before the Court on a motion for attorney fees and costs filed by defendants Vance County and Vance County Sheriff's Office. Plaintiff has responded in opposition, the moving defendants have replied, and the matter is ripe for ruling.

## BACKGROUND

The parties are familiar with the factual and procedural background of this matter, and the Court need not detail them here. Relevant to the instant motion, by order entered February 26, 2020, this Court dismissed defendants Vance County and the Vance County Sheriff's Office on their motions to dismiss, which were opposed by plaintiff. [DE 19]. The Court eventually granted summary judgment to the remaining defendants on the remaining claims [DE 85], and plaintiff appealed. By opinion filed February 28, 2023, the court of appeals affirmed this Court's decision, including its decision to dismiss defendant Vance County; plaintiff did not appeal the dismissal of the Vance County Sheriff's Office. [DE 96]. Mandate issued on April 5, 2023. [DE 104].

On March 7, 2023, defendants Vance County and Vance County Sheriff's Department renewed their motion for attorney fees, which had previously been denied without prejudice pending the appeal.

## DISCUSSION

Defendants Vance County and Vance County Sheriff's Office seek an award of attorney fees in the amount of $8,925.00 pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k). The standard for granting attorney fees under either statute is the same. *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1359 n.10 (4th Cir. 1995). While a prevailing plaintiff in a Title VII action is generally entitled to attorney fees, a court may, in its discretion, award attorney fees under Title VII to a prevailing defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). But a "finding of frivolousness, unreasonableness, or groundlessness cannot obtain simply because the plaintiff did not ultimately prevail[,]" as to do so would "undercut Congress's efforts in promoting the vigorous enforcement of Title VII by substantially increasing the risks inherent in bringing such claims." *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) (internal quotation and citation omitted); *see also Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2009) (discussing same competing concerns in § 1988 context). Accordingly, an award of attorney fees to a prevailing defendant "is a conservative tool, to be used sparingly in those cases which the plaintiff presses a claim which he knew or should have known was groundless, frivolous or unreasonable." *Arnold v. Burger King Corp.*, 719 F.2d 63, 65 (4th Cir. 1983).

The Court, in its discretion, declines to award attorney fees to defendants Vance County and Vance County Sheriff's Office. Although plaintiff's claims against these defendants ultimately failed, the Court does not find that plaintiff's failure to agree to dismissal of these defendants was vexatious or groundless. Plaintiff raised arguments in opposition to dismissal of these defendants which, though not successful, were not entirely frivolous. Moreover, whether the Vance County

2

Sheriff's Office or Vance County were proper defendants did not, at bottom, go to the heart of plaintiff's employment discrimination claims. Accordingly, in its discretion and in light of the caution that attorney fees to prevailing defendants be awarded sparingly, the Court denies the motion.

## CONCLUSION

For the foregoing reasons, the motion for attorney fees by defendants Vance County and Vance County Sheriff's Office [DE 98] is DENIED.

SO ORDERED, this 17 day of May 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE